## WRIGHT v. STUART.

A party cannot assign for error the suppression of his depositions, unless the record show that notice of taking them had been given to his adversary.

If the board of commissioners fail to have any jurors selected for the second week of a term of the Circuit Court, and a jury be impanelled during that week, the array may be challenged.

ERROR to the *Clark* Circuit Court.

BLACKFORD, J.—*Stuart* sued *Wright* before a justice of the peace and obtained a judgment. The defendant appealed. Verdict and judgment in the Circuit Court for the plaintiff.

Two of the defendant's depositions were suppressed, previously to the trial, on the plaintiff's motion; and a challenge, made by the defendant to the array, was overruled. The record shows no error in the suppression of the depositions. It does not appear that any notice of the taking of them was given to the plaintiff; and we must presume, in favour of the judgment, that none was given. The want of such a notice was a good ground for excluding the depositions.

But there is an error in overruling the challenge to the array. The board of commissioners had failed to have any jurors selected for the second week of the term, during which week this trial took place; on the calling of the cause, a jury was summoned and impanelled by the order of the Court; and the defendant, under these circumstances, challenged the array. This challenge ought to have been sustained. According to the statute, the jurors for the second week should have been selected by the board of commissioners; and as there had been no such selection, there could be no unobjectionable jury impanelled during that week. The defendant might, perhaps, have waived the objection; *Cole* v. *Perry*, 6 Cowen, 584; but he did not do so. He made the challenge at the proper time, and the array should have been quashed. The clause of the statute, saying that jurors may be obtained as at common law to make up any deficiency, will not help the plaintiff. That provision only applies to cases where the jurors have been selected and summoned agreeably to a previous part of the statute, but where the number in attendance is not sufficient to furnish a legal jury in the cause. Rev. Code, 1831, p. 291.

May Term, 1839.

*Per Curiam.*—The judgment is reversed and the verdict set aside with costs. Cause remanded, &c.

*H. P. Thornton*, for the plaintiff.

*R. Crawford*, for the defendant.