Livingston v. The State.

Filed April 26, 1895.

———————◆———————

No. 17,520.

LIVINGSTON v. THE STATE.

EVIDENCE.—*Sufficiency of to Sustain Verdict.—Judgment.—Reversal.*— The Supreme Court will not reverse a case upon the weight of the evidence, or merely for the reason that there is a conflict, or that all persons might not draw the same inference from the facts proven, where there is evidence in the record sustaining every material allegation of the indictment.

MISCONDUCT OF |COUNSEL.—*Argument to Jury.—Prosecuting Attorney.*— Where the argument of a prosecuting attorney complained of as misconduct was in response to argument of counsel for defendant, and no part of the argument of defendant's attorney is in the record, the court must presume that it was of such a nature as fully justified the court in overruling the objection made to the statements made by the prosecuting attorney.

CRIMINAL LAW.—*Indictment.—Petit Larceny.—Instruction, Charge of Grand Larceny.—Prejudicial Error.*—Where an indictment charges petit larceny, an instruction informing the jury that the indictment charged defendant with the offense of grand larceny and gave as a

141 131
145 565
147 6
147 48

141 131
149 412

141 131
154 350
141 131
164 269

141 131
165 184

141 131
169 508

part of his charge section 1933, R. S. 1881, defining the offense of grand larceny, and directed the jury that if they found the appellant guilty as charged in the indictment they should assess his punishment at imprisonment in the state prison for not more than fourteen nor less than one year, etc., and the jury did fix his punishment at imprisonment in the state prison for one year, etc., (the court not giving any instruction as to petit larceny or the punishment therefor), is erroneous, as the jury had the right, under the indictment, to imprison the defendant in the county jail instead of the state prison, and the court can not say that the instruction did not harm the defendant.

From the Montgomery Circuit Court.

*M. E. Clodfelter, C. L. Thompson, W. H. Johnston* and *C. Johnston,* for appellant.

*W. A. Ketcham,* Attorney-General, and *D. Kennedy,* for State.

MONKS, J.—The appellant was charged, by indictment, with the offense of petit larceny, and on trial by jury was found guilty and his punishment fixed at imprisonment in the State prison for one year and a fine of five dollars and disfranchisement for two years. The court rendered judgment on the verdict over appellant's motion for a new trial. The only error urged is, that the court erred in overruling appellant's motion for a new trial.

The first complaint is, that the verdict of the jury is not sustained by sufficient evidence. It is earnestly insisted that "the evidence is wholly insufficient to sustain a conviction, that the State has not produced even a fair preponderance of the evidence upon the question of guilt." We have read the evidence, which is set forth in the record, and find there is evidence, either direct or circumstantial, sustaining every allegation of the indictment. This court can not reverse a case upon the weight of the evidence, or merely for the reason that there is a conflict, or that all persons might not draw the same in-

ference from the facts proven.    This rule was fully considered by this court and the reasons therefor stated in the case of *Deal* v. *State*, 140 Ind. 354, and it is not necessary to repeat the same here.

The attorney for the State, in addressing the jury, said:    "Mr. Clodfelter referred in his argument to the thirty-first Indiana Bradley case, the old standby case that I have heard referred to here for the last twenty-four years, and it never saved any man yet except Bradley. I have heard John R. Courtney use it time and time again.    He used it in the Buck Stout case and it did him no good.    It was used in the Pettit case, in the Henning case, in the Coffee case, and they were all convicted and have gone to answer at a higher bar than this. * * *    Mr. Clodfelter spoke of Mr. Bever trusting this man with money and checks; that he often had money and checks; that he could have gotten the money belonging to Bever, but always faithfully accounted for them, but what of this.    Wasn't Pettit trusted by his wife for twenty years before he poisoned her?    Wasn't Coffee trusted by McMullens for years and years, and the last•time he saw them he murdered them and burned their dead bodies within their own dwelling?"

What was said by the prosecuting attorney was in response to the argument of counsel for appellant.    No part of that argument is contained in the record; we must presume, therefore, that it was of such a nature as fully justified the court in overruling the objection made to the statements of the prosecuting attorney.    Appellant was not charged with being concerned in any way with the crime mentioned, nor were the jury asked to convict him on that account.    We can not say, from the record, that the privilege of a fair and proper discussion of the case was transgressed.

It is not every violation of the rule governing the

discussion of causes before a jury that will entitle the defendant in a criminal case to have the verdict set aside. *Morrison* v. *State,* 76 Ind. 335; *Combs* v. *State,* 75 Ind. 215; *Shular* v. *State,* 105 Ind. 302; *Heyl* v. *State,* 109 Ind. 589.

As was said by this court, in *Morrison* v. *State, supra:* "If, for every transgression of the prosecuting attorney beyond the bounds of logical or strictly legal argument, the defendant could claim a new trial, few verdicts could stand, and the administration of criminal justice would become impracticable."

It was said, in *Combs* v. *State, supra:* "If every immaterial assertion or statement which creeps into an argument were to be held grounds for reversal, courts would be so much occupied in criticising the addresses of advocates as to have little time for anything else. Common fairness requires that courts should ascribe to jurors ordinary intelligence, and not disregard their verdicts because counsel, during the argument, may have made some general statements not supported by the evidence."

If it were admitted that the statements of the prosecuting attorney were improper, they were not such as, under the rule established in this State, would justify a reversal of this cause.

One of the causes assigned for a new trial is that the court erred in giving to the jury instruction number four of its own motion. By this instruction the court informed the jury that the indictment charged appellant with the offense of grand larceny and gave as a part of his charge section 1933, R. S. 1881, section 2006, R. S. 1894, defining the offense of grand larceny, and then directed the jury, if they found the appellant guilty as charged in the indictment, they should assess his punishment at imprisonment in the State prison for not more

than fourteen nor less than one year, a fine in any sum not exceeding double the value of the goods stolen, and that he be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period.

This was error. The crime charged was petit larceny, the felonious taking of clover seed of the value of twelve dollars. The punishment fixed by the statute for petilarceny is imprisonment in the State prison not more than three years nor less than one year, a fine not exceeding five hundred dollars, and disfranchisement for any determinate period, or instead of imprisonment in the State prison, the person convicted may be imprisoned in the county jail not more than one year. The court gave no instruction as to petit larceny or the punishment therefor.

The jury had the right, under the indictment, to imprison the appellant in the county jail instead of the State prison if they saw proper so to do, but the court, in effect, said you can not imprison him in the county jail, his imprisonment must be in the State's prison.

The instruction was radically erroneous and it does not appear from the record that it did not prejudice the appellant. Elliott's App. Proced., section 643, and cases cited.

The judgment is reversed, with instructions to sustain appellant's motion for a new trial.

The clerk will issue the proper order for the return of appellant.

Filed April 30, 1895.