DeKalb & Great Western Ry. Co. v. Rowell.

## DeKalb and Great Western Ry. Co. et al. v. Almetta Rowell.

1. JURORS—*Challenges to the Array.*—When a challenge to the array is made the challenger must stand ready to sustain his challenge by proof of the illegality of the panel, and after a jury is impaneled and the cause has proceeded to trial on the merits, the proofs come too late.

2. INSTRUCTIONS—*Should Not Assume Facts in Dispute.*—The court discusses appellee's second instruction in connection with the evidence and concludes that it was clearly erroneous in assuming negligence on the part of appellants and due care on the part of appellee.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of DeKalb County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the December term, 1897. Reversed and remanded. Opinion filed February 28, 1898.

J. B. STEPHENS, attorney for appellants.

JONES & ROGERS and J. E. MATTESON, attorneys for appellee.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action on the case to recover damages for personal injuries alleged to have been sustained by appellee, as a consequence of falling from a station platform, which it is claimed was maintained and operated by appellants

jointly, for the use of passengers in boarding and alighting from their trains of cars at the city of DeKalb.

There was a trial by jury resulting in a verdict and judgment in favor of appellee for $450, a motion for new trial being overruled. .

The negligence charged in the declaration was a failure to properly guard and light the station platform, or to have some one to direct passengers how to find an exit from the station.

It appears from the evidence that on the night of January 21, 1896, appellee was a passenger on one of appellants' trains from Sycamore to DeKalb, arriving at the latter place about seven o'clock in the evening. That she alighted upon the platform in company with the witness Mrs. Viola Rice, and being a stranger at that station did not know the way out of the depot grounds. That she inquired of some men, one of whom carried a lantern, but whom she did not know, to learn her way out, but got no answer. That in company with Mrs. Rice, appellee then walked to the end of the platform, a distance of about 170 feet, where she claims there was no light, and where she stepped off, the height from the floor of the platform to the ground being as she says about two feet, but which other witnesses place at sixteen to eighteen inches. It was in thus stepping off the platform she claims to have received the injury sued for in this case.

The first assignment of error questions the action of the court in overruling appellants' challenge to the array of jurors, but we think this point is not well taken, for the reason there was no proof to sustain the challenge until after a jury had been impaneled and a trial upon the merits proceeded with. When a challenge to the array is made, the challenger must stand ready to prove his challenge by proof of the illegality of the panel. Borrelli v. The People, 164 Ill. 549. We think after the jury was impaneled and the cause had proceeded to trial on the merits the proofs came too late.

It is insisted that the verdict and judgment ought not to

DeKalb & Great Western Ry. Co. v. Rowell.

stand for want of proof of the joint liability of appellants, and it must be conceded the evidence on this question is very slight; still we would not be disposed to reverse on that ground alone, there being some evidence on that point.

But the case was very close upon the question as to whether appellants were guilty of negligence in failing to properly guard and light the platform, and also upon the further question as to whether appellee was in the exercise of due, care for her own safety in going where she did, away from the station and in a direction where it appears there was no usual exit, and where ordinarily no lights might be necessary. As the case must be submitted to another jury we do not care to express any opinion upon the facts, but in the state of the evidence it was important the jury should have been accurately instructed.

We think appellee's second instruction was clearly erroneous in assuming negligence on the part of appellants and due care on the part of appellee. It assumes that the station platform was abrupt in its termination, and that darkness existed, while these were questions of fact for the jury. Again, there is no evidence that appellee inquired her way out of the station from the agents or employes of appellants, and that they neglected or refused to give her such information. She did inquire of some men, but there is no proof who they were, nor that they were employes of appellants, and the conductor and brakeman of the train upon which appellee arrived at the station would testify, if produced, as appears by the stipulation, that they heard no question asked by appellee as to her way out of the station. Yet the instruction we are considering leaves the question to the jury as if the evidence proved the fact. We think the phrase or sentence, "and that the plaintiff while in the exercise of reasonable care and caution was endeavoring to find the proper way of exit from said station premises" practically assumes that the appellee was in the exercise of due care. All these questions were for the determination of the jury from the evidence. We think this instruction should not have been given.

There was no error in refusing to give appellants' first and second refused instructions.

For the error in giving appellee's second instruction the judgment will be reversed and the cause remanded.