# VEST v. THE STATE OF INDIANA.

[No. 21,588.     Filed June 29, 1910.     Rehearing denied October 6, 1910.]

1. NEW TRIAL.—*Overruling Motion for.*—*Failure to Except.*—*Appeal.*—*Criminal Law.*—The failure of appellant to except to the overruling of her motion for a new trial precludes the raising of any question thereon on appeal.  p. 557.
2. NEW TRIAL.—*Supplemental Motion for.*—*How Made Part of the Record.*—*Criminal Law.*—*Appeal.*—A supplemental motion for a

new trial becomes a part of the record from the time it is offered for filing (§2165 Burns 1908, Acts 1905 p. 584, §289), and when the only attempt to bring such motion into the record is by a bill of exceptions, it is not a part of the record and cannot be considered on appeal. p. 557.

From Johnson Circuit Court; *William E. Deupree,* Judge.

Prosecution by The State of Indiana against Jennie Vest. From a judgment of conviction, defendant appeals. *Affirmed.*

*Douglas Dobbins,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White* and *W. H. Thompson,* for the State.

MONTGOMERY, J.—This is an appeal from a judgment convicting appellant of an assault. Errors have been assigned upon the overruling of appellant's motion for a new trial, and refusal to permit the filing of a supplemental motion for a new trial. The ground of the motion urged upon our attention, as error, is in representing and allowing certain named persons to sit as jurors upon the trial, who are alleged to have served as jurors in the trial of William Vest, involving the same transaction. The Attorney-General has called our attention to the fact that appellant saved no exception to the overruling of her motion for a new trial. The question suggested is accordingly not presented for review upon this appeal. *Adams* v. *Board, etc.,* (1905), 164 Ind. 108.

Our statutes in relation to criminal procedure provide "that every * * * motion in writing * * * offered to be filed * * * whether received by the court, refused or stricken out, shall be a part of the record from the time of such * * * offer to file." §2165 Burns 1908, Acts 1905 p. 584, §289.

Appellant sought to bring the paper offered as a supplemental motion into the record by a bill of exceptions, and not otherwise. It does not appear in the record, as provided by the statute quoted. It has been expressly held by this court that "when matters properly a part of the record without a

bill of exceptions are only exhibited in a bill of exceptions copied into the transcript, and do not appear elsewhere in the transcript, they will not be considered on appeal." *Harris* v. *State* (1900), 155 Ind. 15.

Other defects and irregularities in the preparation of the record are pointed out, but the case last cited is decisive, and upon its authority we are precluded from considering the merits of the paper offered as a supplemental motion for a new trial

All other points raised by appellant in the trial court have been expressly waived.

No reversible error having been shown, the judgment is affirmed.