## ADAMS v. STATE OF INDIANA.

[No. 22,202.  Filed October 18, 1912.  Rehearing denied January 6, 1913.]

1. CRIMINAL LAW. — *Appeal.* — *Record.* — *Proceedings in Record Without Bill of Exceptions.*—*Affidavit for Continuance.*—An affidavit for a continuance, the action of the court thereon, and the exceptions to such ruling of the court are in the record on appeal without a bill of exceptions, under §2165 Burns 1908, Acts 1905 p. 584, §289, providing that every pleading, motion in writing, etc., filed or offered to be filed in any cause or proceeding, shall be a part of the record from the time of such filing or offer to file, etc., without any bill of exceptions.  p. 46.

2. CRIMINAL LAW.—*Appeal.*—*Record.*—*Bill of Exceptions.*—*Proceedings Not in Record.*—*Affidavit for Continuance.*—Where an order-book entry showing the filing of a motion for a continuance was copied into the transcript, but the affidavit instead of being copied therein as a part of such entry was contained in a bill of exceptions which was referred to, such affidavit was not a part of the record, and the overruling of the motion cannot be reviewed under the rule that matters, properly a part of the record without a bill of exceptions, but only exhibited in a bill of

exceptions copied into the transcript, and not appearing elsewhere in the transcript, will not be considered on appeal. p. 46.

3. CRIMINAL LAW.—*Appeal.—Review.—Improper Argument of Counsel.*—A cause will not be reversed on the ground of misconduct of counsel for the State in the argument, where the language objected to was used in response to a statement or argument of counsel for the defendant and does not appear to have transgressed the privilege of a fair and proper discussion of the case. p. 47.

4. CRIMINAL LAW.—*Appeal.—Review.—Improper Argument of Counsel.—Question Not Presented.*—No question concerning the alleged misconduct of counsel for the State in argument is presented for review, where the record discloses no motion to withdraw the submission and discharge the jury on account of such alleged misconduct or asking that the jury be instructed to disregard same. p. 47.

5. CRIMINAL LAW.—*Trial.—Argument of Counsel.—Discretion of Court.*—The trial court has discretion in controlling the argument of counsel, and courts on appeal will interfere only where there has been an abuse of that discretion. p. 47.

6. CRIMINAL LAW.—*Appeal.—Record.—Evidence Not in Record.—Improper Argument of Counsel.—Presumptions.*—Where the evidence is not in the record, it will be presumed that there was evidence justifying the overruling of any motions based on alleged improper argument of counsel, or, in the absence of anything in the record to the contrary, that such rulings were justified by the conduct and argument of appellant's counsel. p. 48.

From Monroe Circuit Court; *James B. Wilson*, Judge.

Prosecution by the State of Indiana against Silas Adams. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Robert W. Miers, Ira C. Batman, Robert G. Miller* and *James W. Blair*, for appellant.

*Thomas M. Honan*, Attorney-General, and *Thomas H. Branaman*, for the State.

MONKS, J.—Appellant and seven other persons were charged in the court below with the crime of riotous conspiracy, under the provisions of §2335 Burns 1908, Acts 1905 p. 584, §439. Appellant was granted a separate trial and was convicted of the offense charged. The only error assigned is that the court erred in overruling his motion for

a new trial. It was assigned as cause for a new trial that the court erred in overruling appellant's motion for a continuance, on account of the absence of certain "competent and material witnesses", naming them. The affidavit for a continuance was filed and overruled on January 22, 1912.

Section 2165 Burns 1908, Acts 1905 p. 584, §289, in regard to criminal procedure provides "that every pleading, motion in writing, report, deposition or other paper, filed or offered to be filed, in any cause or proceeding, whether received by the court, refused or stricken out, shall be a part of the record from the time of such filing or offer to file; and any order or action of the court in respect to any such pleading, motion in writing, report, deposition or other paper, and every exception thereto taken by any party shall be entered by the clerk on the minutes or record of the court and the same when so entered shall be a part of the record without any bill of exceptions." Said affidavit for a continuance does not appear in the record proper, but does appear in a bill of exceptions and not otherwise. Under the statute quoted, an affidavit for a continuance, the action of the court thereon, and the exceptions to such ruling of the court, are in the record without a bill of exceptions.

It has been expressly held by this court that "matters properly a part of the record without a bill of exceptions are only exhibited in a bill of exceptions copied into the transcript, and do not appear elsewhere in the transcript, they will not be considered on appeal." *Vest* v. *State* (1910), 174 Ind. 556, 92 N. E. 227. See, also, *Harris* v. *State* (1900), 155 Ind. 15, 56 N. E. 916; *Wilson* v. *State* (1901), 156 Ind. 631, 635, 636, 59 N. E. 380, 60 N. E. 1086, and cases cited.

The order-book entry showing the filing of said motion for a continuance on January 22, 1912, is copied into the transcript, but instead of copying said affidavit into the transcript as a part of said entry the clerk has referred to bill of exceptions number one as containing the same. This did not,

however, make said affidavit a part of said entry or a part of the record. *Wilson* v. *State, supra,* 638, and cases cited.

The conduct of two of the counsel for the State in their argument to the jury is also complained of. Appellant's counsel objected to the language used by one of said counsel, and moved the court to set aside the submission of the cause and discharge the jury on account of said alleged misconduct and language, which motion the court overruled, to which ruling appellant at the time excepted.

The language used by said counsel for the State, to which objection was made, was in response to a statement or argument of one of the counsel for appellant, and we cannot say from the record that the privilege of a fair and proper discussion of the case was transgressed. *Livingston* v. *State* (1895), 141 Ind. 131, 133, 40 N. E. 684; *Combs* v. *State* (1881), 75 Ind. 215, 218, 221.

The language of the other counsel for the State was objected to by appellant, but no motion was made to withdraw the submission and discharge the jury on account of the alleged misconduct of said counsel, or asking the court to instruct the jury to disregard the alleged improper statements of said counsel.

Unless such action was taken by appellant at the time of the alleged misconduct of said counsel for the State he cannot take advantage of it on appeal. The record not showing that any such action was taken in the court below, no question concerning the alleged misconduct of said counsel for the State is presented for review in this case. Ewbank's Manual §49; *Fowler* v. *Newsom* (1910), 174 Ind. 104, 111, 90 N. E. 9.

We have, however, read the parts of the argument of said counsel for the State set out in a special bill of exceptions, and under the well-settled rule in this State, that "The conduct of the argument is a matter much within the discretion of the trial court, and it is only

where there is an abuse of discretion that appellate courts will interfere'' *(Combs* v. *State* [1881], 75 Ind. 215, 220, and cases cited; *Lewis* v. *State* [1894], 137 Ind. 344, 351, 36 N. E. 1110; *Reynolds* v. *State* [1897], 147 Ind. 3, 6), we are satisfied that such alleged misconduct, even if properly presented by the record, would not justify a reversal of the cause.    *Osburn* v. *State* (1905), 164 Ind. 262, 268, 269, 73 N. E. 262, and cases cited; *Morrison* v. *State* (1881), 76 Ind. 335, 337, 339, 341, 344; *Combs* v. *State, supra,* 218, 221; *Epps* v. *State* (1885), 102 Ind. 539, 550, 552, 1 N. E. 491; *Anderson* v. *State* (1886), 104 Ind. 467, 475, 4 N. E. 63, 5 N. E. 711; *Shular* v. *State* (1886), 105 Ind. 289, 302, 303, 4 N. E. 870, 55 Am. Rep. 211; *Boyle* v. *State* (1886), 105 Ind. 469, 480, 481, 5 N. E. 203, 55 Am. Rep. 218; *Warner* v. *State* (1888), 114 Ind. 137, 140, 141, 16 N. E. 189, and cases cited, *Livingston* v. *State* (1895), 141 Ind. 131, 133, 134, 40 N. E. 684.

Moreover, as the evidence is not a part of the record, we must presume that there was evidence given in the cause which justified the trial court in overruling any mo-

6.  tions made in regard to the parts of the argument of said counsel for the State, complained of, or nothing to the contrary appearing in the record, that the conduct and argument of counsel for appellant were such as to justify said rulings.    *Livingston* v. *State, supra,* 133; *Combs* v. *State, supra,* 219.    It follows that the court did not err in overruling the motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 99 N. E. 483.    See, also, under (1) 12 Cyc. 845; (3) 12 Cyc. 582; (4) 12 Cyc. 841; (5) 12 Cyc. 899; (6) 12 Cyc. 867, 890.    As to improper argument of counsel in criminal trials, see note in 9 Am. St. 559; 100 Am. St. 689.