## STATE OF INDIANA *v.* HOUSE, MAYOR.

[No. 23,238. Filed April 25, 1918.]

1. CRIMINAL LAW.—*Appeal.—Record.—Objections to Jury.— Mode of Presenting.*—Though neither the Civil nor the Criminal Code makes provision for challenge to the array of either a special venire or a regular panel, under the common law the better practice requires that any omissions or irregularities in the selection of juries should be brought to the attention of the court in writing; and challenges when so made are within the purview of §289 of the act of 1905, Acts 1905 p. 584, §2165 Burns 1914. p. 355. ·

2. JURY.—*Challenge to Venire.—Determination.*—Where written objections as to the manner of selection of a special venire or a regular panel are filed, issues between the parties are not contemplated, but the court is required to investigate summarily the matters presented in the interest of a fair and impartial trial. p. 356.

3. CRIMINAL LAW.—*Appeal.—Selection of Jury.—Presumptions.* —The party presenting written objections to the array of a special venire or a regular panel has the burden of proof as to the matters presented and, where the evidence is not in the record and it appears that the trial court, being fully advised, overruled such objections, the presumption is that the ruling was based upon sufficient evidence; and this is true even though the objections were verified by affidavit. p. 357.

From the Knox Circuit Court; *Benjamin M. Willoughby,* Judge.

VOL. 187—23

Prosecution by the State of Indiana against James M. House, as mayor of the city of Vincennes. From a judgment of acquittal, the state appeals. *Affirmed.*

*Ele Stansbury,* Attorney-General, *U. S. Lesh, Elmer E. Hastings, Edward M. White, John G. McCord, Joseph W. Kimmel,* and *Curtis G. Shake,* for the state.

*W. H. Hill, J. W. Emison,* and *A. J. Padgett,* for appellee.

MYERS, J.—By affidavit filed in the Knox Circuit Court by one Joseph W. Kimmell, the appellee, James M. House, mayor of the city of Vincennes, was charged with certain alleged official misconduct, principally in neglecting to enforce the criminal laws of the state. By this affidavit the maker invoked the provisions of §240 of an act approved March 6, 1905, entitled "An Act concerning municipal corporations." Acts 1905 p. 219, 386, §8894 Burns 1914.

It appears that Kimmell, at the time of making and filing this affidavit, November 29, 1916, was the prosecuting attorney for the Twelfth judicial circuit, and so acted in the trial court in the furtherance of the accusations so filed until the court overruled his challenge to the array of jurors as drawn in compliance with a special venire ordered by the court, overruled his challenge to the array of the regular panel, and overruled his objection to the jury being sworn to try the issue formed by the affidavit and plea of not guilty. The jury was then sworn, whereupon the prosecuting attorney refused to proceed with the case, refused to make a statement of the case to the jury, and refused to introduce any evidence to support the accusations so made. The cause was then submitted to the jury, and a verdict returned finding the defendant not guilty, and he was thereupon discharged by the court from custody. The three rul-

ings so made by the trial court are here assigned as independent errors.

The challenge to the venire and the challenge to the regular panel were each made in writing and duly verified. Appellee insists that neither of these challenges is a part of the record because not made so by a bill of exceptions. This contention is put upon the ground that there is no law in this state authorizing a challenge to the array of a special venire or to the array of a regular panel; and that under the proviso of §289 of "An Act concerning public offenses," Acts 1905 p. 584, 648, §2165 Burns 1914, only such pleadings, motions in writing, etc., as are required by law to be filed, are by that statute a part of the record without a bill of exceptions.

It is true that neither our Civil nor Criminal Code makes any provision for a challenge to the array of either a special venire or a regular panel; yet in the absence of such provision, or its equivalent, such 1. practice has been recognized and sustained at common law (2 Cooley, Blackstone [Book 3 (4th ed.) 359] 1121; 17 Am. and Eng. Ency. Law [2d ed.] 1111), on the theory of inherent authority in the trial court to see that there is no material or prejudicial departure in the statutory method of selecting the panel. *Wright* v. *Stuart* (1839), 5 Blackf. 120; *Ullman* v. *State* (1905), 124 Wis. 602, 103 N. W. 6; 16 R. C. L. §56, p. 239. In some states the practice in such cases is regulated by statute; but in the absence of a statute as here, where the common law is in force (*Sopher* v. *State* [1907], 169 Ind. 177, 81 N. E. 913, 14 L. R. A. [N. S.] 172, 14 Ann. Cas. 27), the modern and the better practice requires that any omission or unauthorized action of those charged with the duty of selecting and bringing a jury into court should be brought to the attention of the court by a specific statement of the facts in writing. That was done in this case, and we therefore hold that

the written challenges are within the purview of the proviso of §289, *supra,* and a part of the record. *Adams* v. *State* (1912), 179 Ind. 44, 99 N. E. 483.

On the day this cause was called for trial the said challenges were each filed and passed on by the trial court. These proceedings were practically in accordance with the practice in such matters at common law. Proffat, Jury Trials §153. At common law this practice was not authorized as a mode of testing the qualifications possessed by the jury, but was effective only when applied to irregularities which were a material departure from the law in selecting, listing, drawing, summoning or return of the jury. Brickwood, Sackett on Instructions to Juries (3d ed.) §21. The success or failure of such challenge must depend on the facts specially stated forming an issue of law or fact to be determined in a summary manner by the court. *Ullman* v. *State, supra.* From the record we are advised as to the grounds upon which appellant rested its challenges. They presented various questions of fact concerning the manner of selecting the special venire of twenty jurors, a few of whom were taken to complete the panel finally sworn to try the case. The challenge to the panel was based also on certain alleged facts as to the competency of one of the jury commissioners. It further appears from the record that the court, on being advised, overruled each of appellant's said challenges.

The question here for decision does not arise on any ruling of the court with reference to any motion, demurrer, or other objection interposed by appellee. 2. The matters presented served to invoke a summary investigation by the court in the interest of a fair and impartial trial. Issues between the parties on such presentations are not contemplated. In matters of this character the question on appeal is the correctness of the ruling of the trial court and, unless

State *v.* House, Mayor—187 Ind. 353.

the matter upon which such ruling is made is before us, no question for review is presented. The record here shows that the court was fully advised and, being so advised,—on what?—certainly on the merits of the challenges,—overruled the same.

We must assume, in the absence of any other showing, that such decision or ruling was made upon the evidence introduced to sustain, or in opposition to the facts disclosed by these challenges. The evidence introduced, if any, concerning these matters, is not here. In this court the presumption is in favor of the correctness of the rulings and judgment of the trial court, and this presumption continues until overthrown by an affirmative showing on the part of the party claiming error. Ewbank's Manual (2d ed.) §198; 24 Cyc 331. As was said in *Miller* v. *State* (1897), 149 Ind. 607, 624, 49 N. E. 894, 899, 40 L. R. A. 109: "We have no means of knowing that the evidence if it were here, would not abundantly sustain and uphold every act of the court leading to the judgment, except the unsupported statement of his counsel." True, each of the challenges was verified by affidavit, but in the absence of a showing that the challenges so verified were the sole ground upon which the court ruled, we cannot say a correct conclusion was not reached. A party presenting a challenge, as here, must stand ready to prove the facts upon which he relies. 24 Cyc 332; *State* v. *Craft* (1901), 164 Mo. 631, 65 S. W. 280; *Borrelli* v. *People* (1897), 164 Ill. 549, 45 N. E. 1024; *De Kalb, etc., R. Co.* v. *Powell* (1898), 74 Ill. App. 191.

We are not advised on what grounds appellant objected to the jury being sworn to try the cause, and for that reason this question must be considered as waived.

We find no error in the record. Judgment affirmed.

NOTE.—Reported in 118 N. E. 528. See under (2) 24 Cyc 332; trial by jury, regulations as to demand, 98 Am. St. 538.