## FORTUNE v. STATE OF INDIANA.

[No. 26,818. Filed June 15, 1937. Rehearing denied September 12, 1937.]

*Elias W. Dulberger, Claude Cline,* and *Carl Losey,* for appellant.

*Omer S. Jackson,* Attorney-General, and *Glen L. Steckley,* Deputy Attorney-General, for the State.

ROLL, J.—Appellant was charged by a grand jury indictment, in two counts, with the crime of first degree murder while in the commission of a felony. On motion of defendant the cause was venued to the Huntington Circuit Court for trial. There was a trial and a verdict of guilty returned by the jury. Judgment was entered on said verdict. Appellant filed a motion for a new trial which was overruled, and this appeal perfected.

The record shows that after the jury was sworn appellant filed a motion challenging the entire special venire for the reason that the jury commissioners had not taken the constitutional oath, as provided in Art. 15, §4, of the Constitution of the State of Indiana, which provides:

> "Every person elected or appointed to any office under this constitution, shall, before entering on the duties thereof, take an oath or affirmation, to support the Constitution of this State, and of the United States, and also an oath of office."

The record further shows (and we quote the following from appellant's brief, p. 7) that,

> "The motion to challenge the array of jurors and the entire special venire, is now submitted to the court and evidence heard, and the Court being duly advised in the premises now over-rules said motion and challenge to the array, to which ruling of the court, the defendant now at the time excepts and the court grants thirty days for filing bill of exceptions. Tr. p. 13, L. 18 to p. 13, L. 22."

The above is quoted verbatim from page 13 of the transcript.

The only error assigned is the overruling of appellant's motion for a new trial. The second cause for a new trial reads as follows:

"2. That the court erred in not discharging the jury after counsel for defendant challenged the right of the jury commissioners selecting said jury in the trial of said cause."

No other cause assigned in his motion for a new trial is discussed in his points and authorities and other causes are therefore waived. We quote from page 12 of appellant's brief.

"The only question that will be presented in this brief is that of the sufficiency of the oath as taken by the jury commisisoners of Huntington County in their attempt to qualify for the year 1936."

This is the only question presented or attempted to be presented. Therefore all other assigned reasons are waived. *C. C. C. & St. L. R. R. Co.* v. *Ross* (1907), 169 Ind. 3, 80 N. E. 845; *Kelley* v. *Bell* (1909), 172 Ind. 590, 88 N. E. 58; *Board of Trustees of the School City of Lafayette* v. *The State of Indiana, ex rel. Eaton et al.* (1911), 172 Ind. 147, 93 N. E. 851.

The motion challenging the array presents a question of fact. The trial court so regarded the motion and the record shows that evidence was heard upon the question of fact thus presented, and allowed thirty days to file bill of exceptions. No bill of exceptions containing the evidence submitted to the court upon that question is in the record. We have searched the record presented to us in this case and no such bill of exceptions appears therein, and no such bill was attempted to be incorporated in the record.

It was said in *State* v. *House* (1918), 187 Ind. 353, 118 N. E. 528, where a like question was presented and decided, that:

"In matters of this character the question on appeal is the correctness of the ruling of the trial court and, unless the matter upon which such ruling is made is before us, no question for review is presented. The record here shows that the court was fully advised and, being so advised,—— on

what? —certainly on the merits of the challenges, —overruled the same.

"We must assume, in the absence of any other showing, that such decision or ruling was made upon the evidence introduced to sustain, or in opposition to the facts disclosed by these challenges. The evidence introduced, if any, concerning these matters, is not here. In this court the presumption is in favor of the correctness of the rulings and judgment of the trial court, and this presumption continues until overthrown by an affirmative showing on the part of the party claiming error. Ewbanks' Manual (2d ed.) §198; 24 Cyc. 331. As was said in *Miller* v. *State* (1897), 149 Ind. 607, 624, 49 N. E. 894, 899, 40 L. R. A. 109: 'We have no means of knowing that the evidence if it were here, would not abundantly sustain and uphold every act of the court leading to the judgment, except the unsupported statement of his counsel.' True, each of the challenges was verified by affidavit, but in the absence of a showing that the challenges so verified were the sole ground upon which the court ruled, we cannot say a correct conclusion was not reached. A party presenting a challenge, as here, must stand ready to prove the facts upon which he relies. 24 Cyc. 332; *State* v. *Craft* (1901), 164 Mo. 631, 65 S. W. 280; *Borrelli* v. *People* (1897), 164 Ill. 549, 45 N. E. 1024; *DeKalb, etc., R. R. Co.* v. *Powell* (1898), 74 Ill. App. 191."

In order for this court to review the action of the trial court upon appellant's challenge to the array the record must disclose the evidence introduced and upon which the court based its ruling. We do not know, and a search of the record does not disclose the facts as to what oath the jury commissioners of Huntington County subscribed. In the absence of an affirmative showing, we must presume that the evidence was to the effect that they subscribed to whatever oath was necessary to qualify them as lawful jury commissioners, and that the court's ruling was proper. *Bennett* v. *State* (1919), 188 Ind. 380-385, 123 N. E. 797; *Campbell* v. *State* (1897), 148 Ind. 527-529, 47 N. E. 221; *Schieber*

v. *State* (1933), 209 Ind. 623, 198 N. E. 315. In the absence of an affirmative showing to the contrary it will be presumed upon appeal that there was evidence from which the trial court was warranted in finding that the jury commissioners took such an oath as required by law. See *State* v. *Sutherlin* (1905), 165 Ind. 339, 75 N. E. 642. Since appellant has not brought before us the evidence presented to the court upon his motion challenging the array of jurors, and there is no way for us to know what facts were before the trial court, the presumption is in favor of the correctness of the court's ruling.

No reversible error having been made to appear the judgment is affirmed.