NEUSBAUM *v.* STATE OF INDIANA.

[No. 30,604. Filed November 14, 1967. Rehearing denied
December 22, 1967.]

*Lewis Davis,* of Indianapolis, for appellant.

*Edwin K. Steers,* former Attorney General, *John J. Dillon,* Attorney General, and *Carl E. Van Dorn,* Assistant Attorney General, for appellee.

LEWIS, J.—Appellant was charged by affidavit with violation of the 1935 Narcotics Act. The affidavit, omitting the formal parts thereof and signatures thereto, reads as follows, to-wit:

"BE IT REMEMBERED, That, on this day before me, Noble R. Pearcy, Prosecuting Attorney of the Nineteenth

Judicial Circuit, personally came William Owen who, being duly sworn, upon his oath says that Carl Neusbaum on or about the 27th day of April, A.D. 1963, at and in the County of Marion in the State of Indiana, did then and there unlawfully and feloniously have in his possession and under his control a narcotic drug: to-wit: 200—1 grain tablets Codeine Sulphate, with the intent to sell said narcotic drug to one PAUL J. RAY, when he the said Carl Neusbaum was not authorized by any law of the United States of America or the State of Indiana to have such narcotic drug in his possession and under his control and was not then and there authorized to sell such narcotic drug.

"That the said Carl Neusbam has been heretofore convicted of the offense of purchasing, selling, dispensing and distributing narcotic drugs in violation of the laws of the United States of America such conviction being on the 7th day of January, 1955, Cause Number 9939 and I.P. 55-Cr-3, United States District Court for the Southern District of Indiana, Indianapolis Division, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana.

"The affiant aforesaid, upon his oath aforesaid, further says that the defendant Carl Neusbaum on or about the 27th day of April, 1963, at and in the County of Marion in the State of Indiana, did then and there unlawfully and feloniously have in his possession and under his control a narcotic drug: to-wit: 1 grain tablets Codeine Sulphate, with the intent to sell said narcotic drug, and did then and there unlawfully and feloniously attempt to sell said narcotic drug to one PAUL J. RAY, when he the said Carl Neusbaum was not authorized by any law of United State of America or the State of Indiana to have such narcotic drug in his possession and under his control and was not then and there authorized to sell such narcotic drug, then and there being. . . ."

On October 25th, 1963, appellant waived arraignment and entered a plea of not guilty.

Thereafter, trial was had by jury resulting in appellant's conviction—the jury verdict reading as follows:

"We, the jury, find the defendant Carl Neusbaum, guilty of violation of the 1935 Narcotic Act as charged in count One (1) of the Affidavit and that his age is not determined from evidence and that he be fined $2,500.00 and that he be

imprisoned for not less than Twenty (20) years nor more than Life."

After pre-sentence investigation, the Court imposed a prison term of 20-years-to-life and sentenced the appellant to the Indiana State Prison.

Appellant's motion for a new trial contained the following grounds:

"1. That the verdict of the jury is not sustained by sufficient evidence.

"2. That the verdict of the jury is contrary to law.

"3. Error of law occurring at the trial in this:

"That the Court erred in overruling of the defendant's motion for a directed verdict made at the end of all the evidence based upon the failure of the State to prove the defendant's guilt of the crime charged beyond a reasonable doubt."

Witness Paul J. Ray testified that he knew the appellant and also one Ruby Minton; that he had talked with Minton about purchasing drugs and had made arrangements to meet Minton and the appellant on the day after his conversation on a street in the City of Indianapolis.

Ray then reported to the Indianapolis Police Department concerning his conversation with Minton and appellant. The Police Department advised Witness Ray to go through with his meeting with Minton and Neusbaum. Prior to the proposed meeting the police thoroughly searched Ray's car and also his person.

From proper observation points the police observed Ray in his meeting with Neusbaum and Minton. By prior arrangement with the police, Ray drove without the lights on on his car. The appellant, Neusbaum, upon a pre-arranged signal, entered Ray's automobile, and, immediately thereafter, the car was stopped by the police. At the time the police stopped the car, Neusbaum put a pink kleenex under the right-hand side of the front seat of the car.

On searching the car, the police discovered the pink kleenex in which there were tablets of Codeine Sulfate, a derivative of Opium.

The prior conviction of the appellant was proven conclusively. The appellant complains that the conviction here rests upon the sole testimony of Paul J. Ray, a man with a criminal record who was currying favor with the Indianapolis Police Department. The appellant seeks to assert obliquely, a defense of "entrapment."

Suffice it to say that the defense of entrapment is not presented properly. If the defense had been presented, we would be compelled to hold against the appellant on such defense.

This whole matter was presented to this Court by Ruby C. Minton, and we believe the holding of this Court in this case to be stare decisis. *Minton* v. *State* (1966), 247 Ind. 307, 214 N. E. 2d 380.

". . . Where the criminal intent originated in the mind of the person committing the criminal act, an accused may not avail himself of this defense. O'Brien v. United States (7 Cir., 1931), 51 F.2d 674; Ditton v. State (1943), 222 Ind. 25, 51 N. E. 2d 356."

We conclude as a matter of fact from the record that this crime was generated by the appellant and Ruby C. Minton, and not by the police officers; and, therefore, the defense of entrapment is not available.

Appellant is arguing credibility of the witness Ray and not sufficiency of the evidence. The matter of credibility was for the jury to decide and the jury chose to believe the witness Ray.

The record shows substantial evidence requisite to prove each and every material allegation of the indictment. Practically the same evidence was introduced in the case of *Minton* v. *State, supra,* and this Court affirmed.

Finding no error in this record, the judgment of the Trial Court is affirmed.

Hunter, C. J., Arterburn and Mote, JJ., concur.

Jackson, J., dissents with statement: I dissent for the same reasons shown in dissent in *Minton* v. *State* (1966), 247 Ind. 307, 214 N. E. 2d 584.

NOTE.—Reported in 230 N. E. 2d 772.