CELSO MENDEZ *v.* STATE OF INDIANA.

[No. 676S171. Filed September 28, 1977.]

68

*Robert S. Bechert*, Deputy Public Defender, of Fort Wayne, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert L. Clegg, III*, Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant was convicted in a trial by jury of Delivery of a Controlled Substance, Ind. Code (Burns Ind. Stat. Ann. 1974 Supp.) 35-24.1-4-1 (Repealed by Acts 1975, P.L. 338 § 4). For present law see Ind. Code (Burns 1975) 35-24.1-4.1-1, to-wit: Heroin. He was sentenced to imprisonment for twenty years and fined one thousand dollars. This appeal presents the following issues:

(1) Whether the trial court erred by denying defendant's motion to dismiss and discharge which was based upon an allegation that the affidavit supporting the warrant for his arrest failed to show probable cause.

(2) Whether the trial court erred in denying defendant's motion for change of venue.

(3) Whether the trial court erred in refusing to suppress the evidence obtained in an alleged scheme of entrapment not supported by probable cause.

(4) Whether the trial court erred in denying defendant's motion for a directed verdict of acquittal, predicated upon the

State's alleged failure to prove that defendant had not been entrapped.

(5) Whether the trial court erred in denying defendant's motion for a directed verdict of acquittal, based upon the State's failure to introduce evidence that heroin is a proscribed substance under Indiana's Uniform Controlled Substance Act.

(6) Whether the trial court erred in giving State's instruction number two.

(7) Whether the trial court erred in refusing defendant's motion for a mistrial based upon alleged prosecutorial misconduct.

## ISSUE I

This charge presents no issue for review, inasmuch as it relates solely to the validity of the defendant's arrest. It appears that the affidavit in question, although it may have contained some allegations of questionable credibility, established probable cause without reference to such allegations. Nevertheless, the question is a moot one, as there has been no showing that any of the State's evidence was obtained in consequence of the arrest. Defendant's argument that a reversal after trial is required, to comport with constitutional requirements and to be consistent with the exclusionary rule applied to evidence illegally obtained is without logic. Evidence obtained in consequence of an illegal arrest is excludable, just as is evidence obtained in consequence of an illegal search. Other remedies are available to protect against unlawful arrests and detainers.

The illegality of an arrest affects only the admissibility of the evidence obtained as a result thereof or of a search following it. It does not affect the right of the State to try the arrestee. *Wells* v. *State,* (1971) 256 Ind. 161, 267 N.E.2d 371; *Walker* v. *State,* (1974) 261 Ind. 519, 307 N.E.2d 62.

## ISSUE II

Defendant filed a motion for change of venue from the county, alleging that publicity in the news media was such as to impair his right to a fair and impartial trial. In support of his motion, he filed a supporting affidavit and copies of two newspaper articles which reported his bail hearing. The trial court found that defendant had not established the alleged prejudice, but took the motion under advisement. After preliminary voir dire examination of prospective jurors, the motion was denied.

The decision on a motion for a change of venue is a matter within the trial court's discretion. *Jarver* v. *State,* (1976) 265 Ind. 525, 356 N.E.2d 215: *McFarland* v. *State,* (1975) 263 Ind. 657, 336 N.E.2d 824; *Gatchett* v. *State,* (1973) 261 Ind. 109, 300 N.E.2d 665. An applicant for a change of venue has the burden to establish the grounds for such change, and it is the duty of the trial court to determine, from the evidence, if such grounds have, in fact, been proved. In so doing, the trial court assesses the evidence, both as to weight and credibility. It may not act arbitrarily, but it has much discretion, and even though the application and evidence be uncontroverted it, nevertheless, establishes but a prima facie basis, which is not binding upon the court. *Jarver* v. *State, supra; Brown* v. *State,* (1969) 252 Ind. 161, 247 N.E.2d 76.

The only evidence contained in the record which would suggest exposure by potential jurors to community bias consisted of the two newspaper articles aforementioned, both of which were published two months prior to the trial. They are not sufficient by themselves, however, to show the necessary degree of pervasive and inflammatory sentiments from which it may be presumed that the defendant could not receive a fair trial. See *Sheppard* v. *Maxwell,* (1966) 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600; *Estes* v. *Texas,* (1965) 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543; *Rideau* v. *Louisiana,* (1963) 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663.

Additionally, there has been no showing of any actual prejudice to the defendant from the denial of the change of venue motion. Inasmuch as the trial court waited until after the jury voir dire to make its ruling, the defendant had the opportunity to discover the extent, if any, to which prospective jurors had been exposed to potentially prejudicial publicity and their ability to render an impartial verdict in the face of it. See *Murphy* v. *Florida,* (1975) 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589; *Irvin* v. *Dowd,* (1961) 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751. This voir dire examination is not contained in the record before us, and, therefore, is not subject to our review. *Cooper* v. *State,* (1972) 259 Ind. 107, 284 N.E.2d 799; *Fortune* v. *State,* (1937) 212 Ind. 325, 9 N.E.2d 81; *Campbell* v. *State,* (1887) 148 Ind. 527, 47 N.E. 221.

## ISSUE III

The defendant moved to suppress any evidence of the narcotics transaction upon the ground that the State had failed to establish probable cause to suspect him of trafficking in narcotics at the time it arranged the purchase by a police informer. The motion was denied, and we find no error in that ruling.

The controlled buy took place on April 16, 1975. At the suppression hearing the State presented evidence that the police had been acting upon information from an informer, one Don Squires, and, acting upon information from him had previously made a controlled buy from the defendant on May 1, 1975. It is the defendant's argument that the State could not utilize the May 1st buy as probable cause for the May 16th buy, without a showing of probable cause for the May 1st buy. It is not necessary for us to pass upon that question, however, as there was a showing of probable cause for both purchases.

Officer Roberts and Officer Beerbower, who were involved in the controlled buys, both testified that Squires volunteered

his services to the police, had given information concerning the drug dealers, which they knew to be true and other information which later investigations proved to be correct, all prior to May 1, 1975. A specific instance was a controlled buy made April 30, 1975, from one Peitraszewski upon information supplied by the informer. The information supplied by Squires, therefore, did meet the "reliable source" test for determining the existence of probable cause to set the trap in which the defendant was caught.

## ISSUE IV

At the close of the State's case in chief, the defendant moved for a directed verdict of acquittal upon the ground that the State had not, in rebuttal of his entrapment defense, introduced any evidence to establish his pre-disposition to commit the crime charged. This motion was denied, and the defendant proceeded to present evidence in his own behalf. At the conclusion of all the evidence, the defendant again moved for a directed verdict upon the same ground, and the motion was again denied.

As to the denial of the first motion, error, if any, was waived by the introduction of evidence by the defendant. *Parker* v. *State*, (1976) 265 Ind. 595, 358 N.E.2d 110; *Ward* v. *State*, (1964) 246 Ind. 374, 205 N.E.2d 148.

The overruling of a motion for a directed verdict at the close of all the evidence is error only if there is an absence of any evidence upon some essential issue, *Carroll* v. *State*, (1975) 263 Ind. 696, 338 N.E.2d 264; *Birkla* v. *State*, (1975) 263 Ind. 37, 323 N.E.2d 645, cert. den. 96 S.Ct. 99, or if the evidence is without conflict and is susceptible to but one inference, which inference is in favor of the accused. *Bash* v. *State*, (1970) 254 Ind. 671, 262 N.E.2d 386; *Hardin* v. *State*, (1964) 246 Ind. 23, 201 N.E.2d 333, reh. den. 246 Ind. 28, 202 N.E.2d 164.

Entrapment, as a defense, exists when the defendant has been induced or lured by a governmental agency, for the

purpose of prosecution, to commit a crime he had no previous intention to commit. *Johnson* v. *State*, (1971) 255 Ind. 589, 266 N.E.2d 57; *Minton* v. *State*, (1966) 247 Ind. 307, 214 N.E.2d 380. If however, the criminal design sprung from the mind of the defendant, there was no entrapment. *Neusbaum* v. *State*, (1967) 249 Ind. 297, 230 N.E.2d 772; *Ditton* v. *State*, (1943) 222 Ind. 25, 51 N.E.2d 356. Presentment, by a police agent, of the mere opportunity to commit a crime does not constitute entrapment. *Spight* v. *State*, (1967) 248 Ind. 287, 226 N.E.2d 895.

In the case before us, there was ample evidence from which the jury could find that the criminal design originated with the defendant, rather than having been implanted in his mind by government agents. The informer who made the purchase testified that when he entered the defendant's residence, the defendant asked him how much he wanted. After having been advised by the informer that he wanted $250.00 worth, the defendant brought forth a quantity of heroin, sifted it, carefully measured out the requested quantity with various sized measuring scoops, which he had on hand, and retained that which remained. The inquiry as to the amount desired, the preparation for measuring, and the retention of the remaining heroin would cause a reasonable man to infer that the transaction was not merely an isolated sale which would not have occurred but for the police inducement.

## ISSUES V & VI

The defendant moved for a directed verdict of acquittal upon the additional ground that the State had failed to introduce any evidence that heroin was a substance proscribed by the Indiana Uniform Controlled Substance Act and also objected to the giving of an instruction which, in effect, stated that heroin is such a proscribed substance. The defendant charges that the statutory proscription was an essential fact which the State was required to prove.

Whether or not the delivery of a specific drug is proscribed by the act is not a question of fact but rather a question of law. As such, the State was not required to introduce the statute into evidence. It is the trial court's duty to instruct the jury concerning the law applicable to the facts of the case. *Foster* v. *State,* (1974) 262 Ind. 567, 320 N.E.2d 745; *Cockrum* v. *State,* (1968) 250 Ind. 366, 234 N.E.2d 479.

There was substantial evidence that the substance in question was heroin. Heroin is, as a matter of law, among the substances, the delivery of which is proscribed by the statute.

## ISSUE VII

Upon the authority of *White* v. *State,* (1971) 257 Ind. 64, 272 N.E.2d 312, the defendant contends that the trial court erred in denying his motion for a mistrial predicated upon the introduction of evidence by the State. It is his contention, that the State's evidence that the defendant had a quantity of heroin left after making the delivery, for which he was charged, and that the police informer had been paid for his services was inadmissible and prejudicial. However, such evidence was relevant and properly admitted, and we are aware of no principle permitting the declaration of a mistrial for the admission of competent and relevant evidence.

We find no reversible error, and the judgment of the trial court is affirmed.

DeBruler, Hunter and Pivarnik, JJ., concur; Givan, C.J., concurs in result.

NOTE.—Reported at 367 N.E.2d 1081.