Ellis PINEIRO, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–1181A292.

Court of Appeals of Indiana,
Third District.

April 27, 1982.

Robert B. Leopold, Munster, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

Pineiro was convicted of dealing in cocaine, a Class B felony. IC 35–48–4–1.

On appeal he first urges the evidence was insufficient to support the finding that he was not entrapped. We disagree. Entrapment as a defense exists when the defendant has been induced or lured by a government agent to commit a crime he had no previous intention to commit so that he might be prosecuted. *Mendez v. State* (1977), 267 Ind. 67, 367 N.E.2d 1081.

The evidence in the present case disclosed that an undercover police officer sought to purchase cocaine from one Cottrell. Cottrell unwittingly took the officer to Pineiro, who then sold the drugs. Under such circumstances the necessary nexus between the activity of the government agent and the commission of the offense does not exist and an entrapment defense is not available. *Thompson v. State* (1972), 259 Ind. 587, 290 N.E.2d 724; *Kelley v. State* (1974), 161 Ind.App. 253, 315 N.E.2d 382.

Pineiro next asserts that prosecutorial misconduct denied him a fair trial. In support of this assertion he refers to nine specifications.

He first points to a discrepancy in the testimony of the two police officers as to whether the transaction occurred on the steps or on the porch and whether Cottrell handed something to Pineiro before or after

Pineiro handed something to Cottrell. These matters went to the weight of the evidence and credibility of the witnesses and appellant was entitled to and did take advantage of them. They do not, however, establish prosecutorial misconduct.

In opening argument the prosecutor made reference to conversation between Cottrell and Officer Lawson. Contrary to Pineiro's assertion the court sustained his objection that such a conversation would be hearsay.

After defense counsel cross-examined witness Guanella the prosecutor asked a flippant question. The objection was sustained, the jury was admonished and the prosecutor was reprimanded in open court and he apologized.

The remaining contentions all relate to final argument. In each instance there was either no objection made to the comment or the defense was granted the relief it requested, which consisted of either the sustaining of an objection or an admonishment to the jury. No mistrial was put in issue.

In sum it appears the case was vigorously tried and at times the prosecutor failed to measure up to our preferred standards of professionalism. Nevertheless these departures fell far short of the violation of due process asserted on appeal. An accused is not entitled to a perfect trial. He is entitled to a fair trial, and the record demonstrates that Pineiro's trial met that standard.

Finally, Pineiro argues that it was improper for the court at sentencing to express disappointment that after being convicted Pineiro did not admit his involvement to the presentence investigation officer. Of course, at that time the presumption of innocence had been overcome. Lack of remorse has been considered a proper factor in sentencing. *Coleman v. State* (1980), Ind.App., 409 N.E.2d 647.

More significantly, however, it does not appear that Pineiro suffered any legal prejudice. The presumptive sentence for a Class B felony is ten (10) years to which ten (10) years may be added for aggravation or up to four (4) years may be subtracted for mitigating circumstances. The court sentenced Pineiro to the minimum term of six years and additionally suspended the sentence on two (2) of those years. Under such circumstances it is manifest that there is no reversible error.

Affirmed.

HOFFMAN, P. J., and STATON, J., concur.