## THE STATE *v.* JONES.

CRIMINAL LAW.—*Practice.—Bill of Exceptions.*—A bill of exceptions was signed and filed in a criminal case, after the close of the term, without leave having been granted during the term for an extension of time.

*Held,* that the bill of exceptions formed no part of the record, even if time beyond the term in which to file the bill could have been given.

APPEAL from the Tipton Common Pleas.

WORDEN, C. J.—This was an information against the appellee for assault and battery. The court dismissed the prosecution and discharged the defendant without trial. The State appeals and seeks to reverse the order dismissing the cause and discharging the defendant.

The ground of the action of the court was such as can be made to appear only by a bill of exceptions.

In vacation after the close of the term at which the proceedings were had, a bill of exceptions was signed and filed, setting forth the ground of the action of the court. Time was not given beyond the term, even if it could be in a criminal cause, in which to file a bill of exceptions. The bill of exceptions clearly came too late, and cannot be regarded as a part of the record. The statute provides that "all bills of exceptions in a criminal prosecution must be made out

and presented to the judge at the time of the trial, or within such time thereafter during the term as the court may allow, signed by the judge and filed by the clerk. The exception must be taken at the time of the decision." 2 G. & H. 420, sec. 120.

The judgment below is affirmed.

*J. W. Robinson* and *B. W. Hanna,* Attorney General, for the State.