Meredith v. The State.

No. 15,157.

MEREDITH v. THE STATE.

CRIMINAL LAW.—*Practice.*—*Misconduct of Juror.*—*Instructions.*—*Bill of Exceptions.*—*Appeal.*—In a criminal cause where the misconduct of a juror, and the giving of, and the refusal to give, certain instructions by the court, are assigned as causes for a new trial, no question is presented to the court on appeal, unless the affidavits, in reference to the alleged misconduct, and the instructions, are embodied in a bill of exceptions. Sections 535 and 650, R. S. 1881, relate exclusively to civil cases.

From the Jefferson Circuit Court.

*A. D. Vanosdol* and *H. Francisco,* for appellant.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

OLDS, J.—The appellant was indicted in the Jefferson Circuit Court for murder in the first degree.

There was a trial, resulting in a verdict, finding the defendant guilty of manslaughter, and fixing his punishment at fifteen years imprisonment in the State prison.

The defendant moved for a new trial, which was overruled. One of the causes assigned for a new trial was the misconduct of a juror, in that he had expressed an opinion as to the defendant's guilt prior to the trial, and that upon his examination as a juror he had stated that he had not formed or expressed any opinion as to the guilt or innocence of the defendant, and he was accepted as a juror. Affidavits were filed in support of this cause for a new trial, also counter-affidavits were filed by the State. The court, on motion, ordered these affidavits made a part of the record without a bill of exceptions.

Another cause assigned for a new trial was error of law occurring at the trial in the giving, and refusing to give, instructions by the court. These instructions are copied into the record.

Neither the affidavits nor the instructions are embraced in the bill of exceptions filed in the case. No question is presented as to the ruling of the court on either of these causes for a new trial. Section 535, R. S. 1881, relating to instructions, and providing for the reserving of exceptions to the giving, or refusal to give, instructions without embodying them in a bill of exceptions, and section 650, R. S. 1881, providing that papers filed in a cause may be made a part of the record by order of the court, relate exclusively to civil causes, and to present any question in a criminal case they must be embodied in a bill of exceptions. *Leverich* v. *State*, 105 Ind. 277.

There is also assigned as a cause for a new trial that the verdict is contrary to the evidence. This presents the only question in the case.

The evidence fully supports the verdict, and justified the finding of the defendant guilty of manslaughter. The evidence shows that an altercation took place between Gilgore, the deceased, and the appellant, the appellant being at his boarding-house, at the door or in front of the house, and the deceased several feet away. There is some evidence to show that the deceased drew and snapped a revolver at the appellant, and that thereupon the appellant went into his boarding-house, that he was not pursued or in any danger, that appellant voluntarily returned with his gun to the scene of the controversy, and immediately, without further provocation or controversy, shot and killed Gilgore. There is evidence from which the jury may have found that Gilgore did not snap his revolver at the appellant, and that at the time he was shot he had his revolver in his hip pocket. There is evidence fully justifying the jury in returning the verdict which they did, and we can not disturb it.

Notwithstanding the questions sought to be presented as to the giving, and refusal to give, instructions, and as to the misconduct of a juror, are not properly before us, in view of the importance of the case we have read the instructions

and the affidavits. The instructions given fully cover and are applicable to the case, and fairly state the law. The case was fairly presented to the jury, and when the instructions are taken as a whole there is no erroneous statement of the law, such as would mislead the jury, or be detrimental to the rights of the appellant, and it very clearly appears that the juror, who it is contended expressed an opinion previously to his being called as a juror, was not prejudiced against the defendant, and the defendant's rights were not prejudiced by allowing him to remain on the jury.

There is no error in the record.

Judgment affirmed, with costs.

Filed March 13, 1890.