Filed Oct. 5, 1892.

---

No. 16,508.

TOWNSEND v. THE STATE.

| 132 | 315 |
| 137 | 287 |
| 132 | 315 |
| 143 | 301 |
| 132 | 315 |
| 145 | 623 |
| 132 | 315 |
| 148 | 529 |

CRIMINAL LAW.—*Trial by Less than Twelve Jurors.—Affidavit.—Bill of Exceptions.*—In a prosecution for a criminal offence, where it was alleged as a ground for a new trial that during the progress of the cause two of the twelve jurors selected by the parties were discharged by the court by reason of illness, and that the verdict was rendered by the remaining ten jurors, and there was what purported to be an affidavit in support of the charge, but no reference was made to the same in the motion for a new trial, and it was not embraced in the bill of exceptions, the question is not properly presented on appeal.

From the Owen Circuit Court.

*J. W. Williams*, for appellant.

*A. G. Smith*, Attorney General, for the State.

COFFEY, J.—The appellant was indicted in the Owen Circuit Court for the alleged crime of assault and battery with

intent to commit a felony, and the crime of malicious mayhem. Upon a trial of the cause he was found guilty by a jury, upon whose verdict the court gave judgment. He appeals to this court, and assigns as error that the circuit court erred in overruling his motion for a new trial. It was assigned as one of the reasons for a new trial that during the progress of the cause two of the twelve jurors selected by the parties were discharged by the court by reason of illness, and that the verdict was rendered by the remaining ten jurors. This is the only matter argued in this court by the counsel for the appellant, his contention being that a verdict in a criminal case by less than twelve jurors is a nullity. In answer to this contention it is urged by the attorney general that it does not appear by the record that the appellant was tried by ten jurors only, but, on the contrary, it appears that he was tried by twelve. This renders it necessary to examine into the state of the record before us.

It appears from the clerk's entry, signed by the presiding judge, that twelve jurors were empanelled to try the cause. As we have seen, it was assigned as one of the causes for a new trial that two of the jurors so empanelled were discharged by the court while the trial was in progress, but no reference is made in the motion for a new trial to any affidavits in support of the charge. Thirty days' time was given by the court in which to file a bill of exceptions. The bill filed contains the following language :

" Be it remembered that, on the 18th day of January, 1892,the same being the nineteenth day of the December term, 1891, of this court, the following pleas and proceedings were had before the Hon. George W. Grubbs, sole judge of said court. The defendant filed his motion and reasons for a new trial, which motion and reasons are as follows (see transcript from page 9 to 17, inclusive), which motion and reasons for a new trial said court overruled, to which ruling of the court the defendant at the time excepted."

There is on the pages referred to in the record a copy of

what purports to be an affidavit in support of this reason for a new trial, copied by the clerk into the record. The affidavit appears in the record in no other manner.

This affidavit, not being embraced in the bill of exceptions, can not be considered by us. We have no means of knowing that it was ever presented to the court in support of the motion for a new trial, or that the court ever saw it. To authorize us to consider it, it should be embodied in a proper bill of exceptions signed by the judge. *Meredith* v. *State*, 122 Ind.514; *McClure* v. *State*, 116 Ind. 169; *Wood* v. *Crane*, 75 Ind. 207; *Stott* v. *Smith*, 70 Ind. 298; *McDonald* v. *State*, 74 Ind. 214.

There being no affidavit properly in the record supporting this reason for a new trial, we must assume, in favor of the action of the circuit court, that it did not in fact exist.

Judgment affirmed.

Filed Sept 16, 1892.