Campbell *v.* The State.

---

## Campbell *v.* The State.

[No. 18,139.   Filed May 25, 1897.   Rehearing denied Oct. 13, 1897.]

Appeal.—*Errors Will Not be Reviewed on Appeal Unless Exposed by the Record.*—On appeal, the record furnishes the only evidence to sustain alleged errors of which a party complains. In the absence of such errors being properly exposed by the record they cannot be considered, and all reasonable presumptions will be indulged by the Supreme Court in favor of the rulings and judgment of the trial court. *p. 529.*

Same.—*Bill of Exceptions.—Longhand Manuscript of Evidence.*—The record must affirmatively show that the longhand manuscript of the evidence was filed in the clerk's office before it was incorporated in the bill of exceptions. *p. 530.*

From the Marion Criminal Court. *Affirmed.*

*J. W. Noel, F. J. Lahr* and *F. L. Littleton,* **for** appellant.

*W. A. Ketcham,* Attorney-General, *Merrill Moores, C. S. Wiltsie* and *J. A. Pritchard,* for State.

JORDAN, J.—Colin Campbell, the appellant, was in-dicted for the crime of embezzlement, the indictment charging that he as the agent and employe of the Metropolitan Life Insurance Company, did felo-niously, etc., appropriate and convert to his own use money belonging to said company. Upon a trial be-fore a jury he was convicted of the crime with which he was charged, and over his motion for a new trial was sentenced to suffer the punishment fixed by the jury, being a fine and imprisonment in the State's prison. The only error assigned in his appeal is the overruling of his motion for a new trial. Numerous errors are specified in the motion for a new trial, the principal one, however, as insisted by appellant's counsel, being that the lower court "erred in continu-ing the cause on August 17, 1896, in the absence of the defendant and without judicially determining that cause existed for continuance." This insistence, how-ever, is not supported by any part of the record prop-erly before us. The entry from the order book of the trial court shows that a jury to try the cause was im-paneled, on July 29, 1896, with the appellant present in person and by counsel. By the consent of both the defendant and the State, the jury after being impan-eled was permitted to separate until the following day at nine a. m. The record on this day, being July 30, 1896, discloses the presence of the appellant in court, and, that owing to the illness of one of its mem-bers, the jury, by consent, was permitted to separate until nine o'clock a. m. on August 3, 1896. On this latter date, it further appears from the entry in the order book, that appellant was present in court, but by reason of the continued sickness of the juror, the trial of the cause was continued with appellant's con-sent until August 17, 1896, at nine a. m. What pro-ceeding, if any, was had on August 17 is not shown by

the record. The next entry in the order book discloses that the trial was resumed on the 8th day of September, 1896. On the hearing of the motion for a new trial an issue was raised by the appellant upon the question of a continuance being ordered on August 17, in his absence, and evidence both oral and written was heard by the court upon this issue, and after the hearing thereof the court seems to have found that the appellant was present in court at the time in controversy. None of this evidence, however, has been brought into the record by a bill of exceptions, and for this reason we are precluded from reviewing the decision of the court upon the evidence introduced upon this issue. *Naanes* v. *State,* 143 Ind. 299; *Townsend* v. *State,* 132 Ind. 315; *Meredith* v. *State,* 122 Ind. 514; *Choen* v. *State,* 85 Ind. 209.

All appeals to this court are tried by the record. It furnishes the only evidence to sustain alleged errors of which a party complains. In the absence of such errors being properly exposed by the record they can not be considered, and all reasonable presumptions will be indulged by this court in favor of the rulings and judgment of the trial court. There being no record before us, in any manner tending to support the contention of the learned counsel for appellant upon the question which they seek to present, we are bound to presume, that if a continuance, as insisted, was ordered by the court on August 17, it was properly and rightly ordered with the accused present in court. *Welsh* v. *State,* 126 Ind. 71; *Burrell* v. *State,* 129 Ind. 290; *Rhodes* v. *State,* 23 Ind. 24.

It is next urged that the court erred in excluding certain evidence from the jury, and also in refusing to give to the jury certain instructions at the request of appellant, and that the judgment is not supported

by the evidence. The evidence, however, is not in the record, and as a proper review and determination of any and all of the above questions depend upon the evidence given upon the trial, in its absence from the record, we are, under a well settled rule, precluded from giving them any consideration. It appears from the certificate of the clerk that a longhand manuscript of the evidence was filed on December 10, 1896. The bill of exceptions purporting to embody this evidence was also filed on the same day. The record, however, does not affirmatively disclose that the longhand manuscript was filed prior to its being incorporated into the bill of exceptions. That this is essential upon appeals to this court is well settled by many decisions. *Dean* v. *State,* 147 Ind. 215; *Citizens' Street R. R. Co.* v. *Sutton, ante,* 169, and the authorities there cited.

In the appeal of *Citizens Street R. R. Co.* v. *Sutton, supra,* this court said: "The statute authorizing the longhand manuscript of the shorthand report of the evidence, given upon a trial of a cause, to be certified to this court upon appeal, requires the party desiring to avail himself of this statutory right to file the same with the clerk before it is incorporated into a bill of exceptions. This duty, under the statute, rests upon the party who seeks by this method to have the evidence certified to this court, hence no presumptions or inferences on this question can be indulged in his favor; but it must affirmatively appear that he has complied with the requirement of the statute by first filing the manuscript with the clerk of the lower court before it was incorporated into the bill of exceptions, otherwise it cannot be regarded as properly in the record. This interpretation of the statute has been settled by repeated decisions of this court."

In the case of *Manley* v. *Felty,* 146 Ind. 194, the certificate of the clerk was substantially the same as is

the one now in question. In the former, it was stated that the bill of exceptions was filed at the same time that the longhand manuscript was filed, while in the case at bar the word "now" is employed instead of the phrase "at the same time," both expressing the same meaning. We said in the Manley case, that the most favorable construction that could be placed upon the record for the appellant was, that the longhand manuscript of the evidence and the bill of exceptions were filed at the same time, and that the former had not been filed before it had been incorporated in the bill. Under the recitals in the record, and the statements embraced in the clerk's certificate, in the present case, the same construction is applicable.

For the reason stated, we must adjudge that the evidence in the case at bar is not in the record, and no available error being presented, the judgment is affirmed.