## PIERSON v. STATE OF INDIANA.

[No. 23,768. Filed June 9, 1921. Rehearing denied October 13, 1921.]

1. CRIMINAL LAW.—*Appeal.—Review.—Instructions.—Evidence. —Sufficiency.—Conduct of Counsel.—Absence of Evidence From Record.*—The giving of instructions that were not so bad that they would necessarily be prejudicial under all and any evidence admissible under the issues, the refusal to give instructions, argument of counsel complained of as being erroneous, because of the alleged fact that defendant did not testify, and alleged insufficiency of evidence to sustain the verdict, cannot be reviewed, where the evidence is not in the record. p. 207.

2. CRIMINAL LAW.—*Trial.—Instructions.—Applicability.*—The court is not bound to give requested instructions unless they are applicable to the evidence. p. 207.

3. CRIMINAL LAW.—*Appeal.—Bill of Exceptions.—Filing after Term.—Leave of Court.—Statutes.*—Where a criminal case was terminated in the December term of court and the bill of exceptions containing the evidence was not filed until the March term, the record being silent as to any extension of time for the filing thereof, the evidence is not a part of the record and cannot be considered on appeal, since under §2163 Burns 1914, Acts 1905 p. 584, §287, leave for extension of time beyond the term to file must be given by the court at the time of the ruling on the motion for new trial. p. 208.

4. CONSPIRACY.—*To Commit Felony.—Affidavit.—Sufficiency.*— An affidavit, charging that the defendant and others did unlawfully, knowingly and feloniously conspire, to and with each other, for the object and purpose and with the unlawful and

felonious intent to set fire to a' certain building of the value of $8,000, and the property of a person named, sufficiently described the felony intended and agreed to be committed and it was not necessary to charge that it was actually committed, nor that the accused persons made an attempt to carry out the purpose of their alleged conspiracy. p. 208.

From Jay Circuit Court; *Frank M. Gordon,* Special Judge.

Prosecution by the State of Indiana against Enoch L. Pierson. From a judgment of conviction, the defendant appeals. *Affirmed.*

*John M. Smith* and *S. A. D. Whipple,* for appellant. ·

*U. S. Lesh,* Attorney-General, *Dale F. Stansbury, Newman T. Miller* and *Remster A. Bingham,* for the state.

EWBANK, J.—The appellant, jointly with three other persons, was charged by affidavit with conspiring to commit a felony. Upon a separate trial he was found guilty, and from a judgment of conviction, he appealed and has assigned as error the overruling of his motion for a new trial and.of his motion in arrest of judgment. This is his second appeal. *Pierson* v. *State* (1919), 188 Ind. 239, 123 N. E. 118.

The reasons specified in the motion for a new trial relate to the alleged insufficiency of the evidence to prove certain elements of the crime charged, the admission of certain evidence, the giving of certain instructions and the refusal to give certain others, and the alleged fact that the prosecuting attorney pointed his finger at appellant and made certain statements in arguing the case to the jury. The instructions given were not so bad that they would necessarily be prejudicial to appellant under all and any evidence admissible under the issues; the court was not bound to give any instructions requested unless they

were applicable to the evidence; the argument by counsel is only complained of as being erroneous because of the alleged fact that appellant did not testify; and only by an examination of the evidence could the court learn whether or not it sustains the verdict. A decision of each and all the questions sought to be presented by the motion for a new trial depends upon the evidence.

An examination of the transcript discloses that it recites the overruling of the motion for a new trial and the rendition of judgment to have occurred in

3. January, 1920, at the December term of court, and does not contain any order of court granting time beyond that term to file a bill of exceptions; that it states that the bill of exceptions was presented for the judge's signature and was signed on March 26, 1920, and further recites that the bill of exceptions was filed "on the 26th day of March, 1920, the same being a day in the March term of said court." The March term of the Jay Circuit Court began on the first Monday of March. §1461 Burns 1914, Acts 1901 p. 343, 344.

Appellant not having obtained leave of court to file the bill of exceptions purporting to contain the evidence until after the close of the December term, it is not part of the record; the evidence is not before the court for consideration, and none of the specifications in the motion for a new trial are shown by the record to be well taken. §2163 Burns 1914, Acts 1905 p. 584, §287; State v. Jones (1871), 37 Ind. 179; Calvert v. State (1883), 91 Ind. 473; Hunter v. State (1885), 102 Ind. 428, 1 N. E. 361; Bruce v. State (1895), 141 Ind. 464, 40 N. E. 1069; Bass v. State (1918), 188 Ind. 21, 24, 120 N. E. 657.

Appellant's motion in arrest of judgment is not set out in his brief. But he asserts in his points and

4. authorities that "the affidavit is defective because it does not show that the alleged conspirators

attempted to burn the building, or that they did in fact set fire to and burn it." The affidavit charged that appellant and others therein named at, etc., on, etc., "did then and there unlawfully, knowingly and feloniously conspire, to and with each other, for the object and purpose and with the unlawful and felonious intent then and there feloniously, wilfully and maliciously to set fire to and burn a certain building and storeroom, then and there situate, of the value of $8,000, and the property of one George Wise, Sr.," etc. The felony intended and agreed to be committed was sufficiently described, and it was not necessary to charge that it actually was committed, nor that the accused persons made an attempt to carry out the purpose of their alleged conspiracy. *Miller* v. *State* (1881), 79 Ind. 198; 204; *Shircliff* v. *State* (1884), 96 Ind. 369, 371, 372; *Williams* v. *State* (1919), 188 Ind. 283, 293, 123 N. E. 209.

There was no error in overruling the motion in arrest of judgment. The judgment is affirmed.