## MOORE *v.* STATE OF INDIANA.

[No. 24,266. Filed December 12, 1923. Rehearing denied June 10, 1925.]

1. CRIMINAL LAW.—*Plea of abatement after appearance is too late.*—A plea in abatement in a criminal prosecution filed after arraignment and plea, and motion to quash the affidavit, is too late to raise the question of jurisdiction of the person, full appearance having been made. p. 301.

2. CRIMINAL LAW.—*Objection on appeal for failure of court to rule on plea is waived by proceeding to trial.*—Appellant cannot complain that his plea in abatement in criminal prosecution is not ruled on, where he proceeded to trial without calling the omission to the attention of the court, or making any objection thereto. p. 301.

3. CRIMINAL LAW.—*Error in overruling motion not considered if not in brief or record.*—Alleged error in overruling a motion to quash the affidavit cannot be considered on appeal if such motion cannot be found in the appellant's brief nor in the record. p. 301.

4. CRIMINAL LAW.—*Bill of exceptions filed at subsequent term without leave of court is not in the record.*—The sufficiency of the evidence to sustain the verdict will not be considered on appeal, if the evidence is not properly brought into the record by bill of exceptions; a bill of exceptions filed at a term subsequent to the trial term without leave of court for such extension, is not properly in the record, even though it recites that it was presented to and signed by the judge within a time allowed as therein set forth. p. 302.

From Daviess Circuit Court; *Milton S. Hastings,* Judge.

Ellis Moore was charged with assault with intent to kill and murder and convicted of assault and battery, and he appeals. *Affirmed.*

*Hiram McCormick* and *Frank E. Gilkison,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant was charged by affidavit with assault with intent to kill and murder, and was found guilty by the verdict of the jury of assault and battery. He seeks to reverse the judgment which followed the verdict for the alleged errors of the court: (1) In failing to pass upon the answer in abatement; (2) in overruling the motion to quash the affidavit; (3) in overruling the motion for a new trial.

The affidavit which charged the offense was filed in the Martin Circuit Court November 1, 1921, upon which day appellant appeared in open court, was arraigned, and pleaded not guilty, and executed bond for his appearance. Thereafter on January 5, 1922, appellant filed a motion to quash the affidavit, which motion was overruled by the court. Thereafter, the transcript discloses by way of recital of the file mark thereon, appellant filed his plea in abatement, which, according to the file mark of the clerk of the court, showed that it was filed January 5, 1922, after which time, to wit, April 4, 1922, upon the affidavit of appellant, the venue was changed to the Daviess Circuit Court, and trial had on September 19, 1922.

It will be noted that appellant did not present his plea in abatement until after he had been arraigned and en-

tered his plea thereon, and filed a bond for his appearance. There was no order of the trial court, neither does the transcript show either the time or the filing of such plea in abatement by appellant, but granting that the filing were regular, it is too late to file a plea in abatement raising the question of jurisdiction over the person after a full appearance to the action. *Eel River R. Co.* v. *State, ex rel.* (1900), 155 Ind. 433.

Whereupon it would follow that appellant is in no position to complain, because his answer in abatement was not ruled upon by the court. Furthermore, neither appellant's brief nor the transcript shows but that the appellant waived any action by the court upon his answer in abatement or the demurrer thereto, for the reason that he proceeded with the trial without calling the matter to the attention of the court or making any objection to proceeding with the trial before such answer in abatement and the demurrer thereto were ruled upon.

Appellant, by his argument in his brief under his points and authorities, insists that his motion to quash the affidavit ought to have been sustained and that the overruling of the same was error. Appellant's brief fails to set forth his motion to quash or to refer to the page in the transcript where the same may be found. Upon searching the record it is found that the motion is not therein. The motion to quash will not be considered upon appeal if it is not set out in the brief or a reference made thereto in the record. Neither will it be considered, although the overruling of the same is assigned as an error, if such motion is not set forth in the record.

Appellant's motion for a new trial was based upon the insufficiency of the evidence to sustain the verdict,

and that the verdict was contrary to law, and for
4. alleged errors in permitting witnesses to testify
over the objection of the defendant. Before the
error predicated upon the overruling of the motion for
a new trial can be considered, it is necessary that the
transcript of the evidence be made a part of the record
by a proper bill of exceptions. Appellee maintains that
the evidence is not brought into the record for the rea-
son that no time was given for the filing of bills of
exceptions. The transcript of the evidence itself dis-
closes that although the trial judge signed and approved
the purported bill of exceptions containing the evidence
at a term of court subsequent to the term at which the
trial was had, and that the same was thereupon filed
with the clerk, no application was made by appellant
for time within which to tender a bill of exceptions. A
bill of exceptions cannot be brought into the record at
a term of court subsequent to the term at which the trial
was had, except upon permission therefor given by the
court at or before the time of its ruling upon the motion
for a new trial. There being no order of the court, as
shown by the record, that time was given beyond the
term at which the trial was had, to file a bill of excep-
tions of the evidence, such purported bill of exceptions
is not a part of the record, even though it recites that
it was presented to and signed by the judge within a
time allowed as therein set forth. *Taylor* v. *State*
(1921), 191 Ind. 200, 132 N. E. 294; *Pierson* v. *State*
(1921), 191 Ind. 206, 131 N. E. 397; *Flannigan* v. *State*
(1922), 192 Ind. 662, 137 N. E. 179.

No errors are presented by the record, wherefore the
judgment of the trial court ought to be affirmed.

Judgment affirmed.