MESSERSMITH *v.* STATE OF INDIANA

[No. 27,359. Filed April 30, 1940.]

*Harry E. Roberts,* of Marion, for appellant.

*Omer S. Jackson,* Attorney General, and *Walter O. Lewis,* Deputy Attorney General, for the State.

FANSLER, J.—The appellant was convicted of driving an automobile while under the influence of intoxicating liquor.

He has assigned error upon the overruling of his motion for a new trial.

He relies in his brief upon the contention that the evidence is not sufficient to sustain the conviction. In order to present any question concerning the sufficiency of the evidence, the bill of exceptions must contain all of the evidence. Section 9-2105, Burns' 1933, § 2317, Baldwin's 1934; *Sunderman* v. *State* (1926), 197 Ind. 705, 151 N. E. 829; *McMurran et al.* v. *Hannum* (1916), 185 Ind. 326, 113 N. E. 238. The bill of exceptions certified to by the trial judge contains only the testimony of the defendant and of one other witness called by the defendant. It does not purport to contain the testimony of any of the State's witnesses. The judge certifies that the evidence contained in the bill of exceptions "was all the evidence given in the above entitled matter and cause on the question of who was in the act of driving the automobile in question at the time alleged in the affidavit herein and during the circumstances of the alleged offense, all as disclosed by an examination of the complete transcript of all the evidence in said cause hereto attached and made a part of this transcript." Nowhere does the judge certify to a bill of exceptions containing all of the evidence. What seems to be the testimony of a number of witnesses, certified to by the court reporter, is bound with the transcript filed in this court, but not as a part of the bill of exceptions. The praecipe does not call for a bill of exceptions, and the certificate of the clerk does not mention a bill of exceptions, but certifies only that the transcript contains the papers required by the praecipe. It is clear that there is no

proper bill of exceptions brought into the record, and that that which is intended as a bill of exceptions does not contain all of the evidence. The evidence which the trial judge has attempted to certify as being all of the evidence upon the question of guilt or innocence is the defendant's evidence. The witnesses denied that the defendant was intoxicated or that he was driving the automobile in question. The jury must have found something in the evidence more favorable to the State from which they concluded that the defendant was guilty, and the trial judge who signed the certificate must have found some other evidence in the record indicating a basis for the verdict, since he overruled the motion for a new trial. It is not within the province of the trial judge to select the evidence which this court will scrutinize in determining whether or not he ruled correctly on the motion for a new trial.

In the reply brief, the appellant in effect concedes the inadequacy of the record and failure to comply with rule 18 in the preparation of his brief, and asserts that it is now the general rule that, if the contentions of the appellant can be ascertained, the case will be decided upon the merits without consideration of "small matters of procedure."

The tendency toward liberality in construing rules of procedure and practice must not be abused and treated as a license to ignore plain and well-settled practices, nor to authorize the abandonment of all reasonable care in the preparation of transcripts and briefs. Highly illustrative of the carelessness with which the transcript under consideration was prepared is the fact that in the body of the certificate the clerk is described as "Clerk of the Grant Superior Court," while the certificate is signed by the "Clerk Grant Circuit Court." The case seems to have

been tried in the circuit court. It is true that in criminal cases, where the liberty of a citizen is involved, failure to conform to the requirements of the rules of practice and procedure has often been ignored where it seemed that the questions sought to be presented could be discerned. But the only purpose of rules of practice and procedure is to insure a clear and unequivocal presentation of questions and the expedition of the decision of cases upon their merits.

In considering the sufficiency of the evidence upon appeal, the court looks only to that evidence which tends to sustain the result reached below. The evidence sought to be certified by the trial judge is that which is most favorable to the defendant below, and therefore must be ignored. What purports to be the testimony of a number of witnesses, certified by the court reporter, is bound in the transcript. This is not authenticated by a proper certificate of the judge nor by any proper certificate of the clerk. But if it is the evidence that went to the jury, it was sufficient to convince the jury of the defendant's guilt beyond a reasonable doubt, and it must have been thought sufficient by the trial judge, since he overruled the motion for a new trial; and, from a casual examination, this testimony and the inferences properly to be drawn therefrom, when considered in the light of the testimony of the defendant, could not fairly be said to be insufficient to sustain the verdict, but, since the entire evidence is not brought into the record, no question is presented.

Judgment affirmed.

NOTE.—Reported in 26 N. E. (2d) 908.