LURA J. MILES *v.* STATE OF INDIANA.

[No. 272A97. Filed June 26, 1972.]

---

*Dean E. Richards, DeWitt, Richards & Manahan,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

BUCHANAN, J.—STATEMENT OF THE CASE AND FACTS—Defendant-appellant, Lura J. Miles (Miles), appeals from a conviction for violation of the Offenses Against Property Act for which she was fined $50.00 and costs and sentenced to 30 days in jail by the Marion Municipal Court No. 9. The Marion County Criminal Court, Division One, affirmed.

The record in this case does not include a transcript of the evidence heard at the trial in Marion Municipal Court No. 9, nor the disc recordings of that proceeding. In arguing the case on appeal in the Marion County Criminal Court, Division One, the Prosecutor and defense counsel disagreed as to the essential facts and evidence presented at the trial and apparently no attempt was made to secure an approved statement of facts and evidence pursuant to Rule AP. 7.2(A)(3)(c), although both listened to the disc recording of the proceedings in Municipal Court.

Such facts as appear are contained in the transcript of the argument on review of the conviction before the Marion County Criminal Court, Division One.

From this source it seems that Miles was shopping in the Haag Drug Company, Inc. at 2201 North Meridian Street,

Indianapolis, Indiana on or about December 1, 1970. Her version of the episode is that while in the store she placed a tube of Breck's hair shampoo in her purse and began walking toward the exit of the store. Before reaching the exit door she turned around to go back through the in-turnstile of the drugstore to return the shampoo because she had discovered that she had no money to pay for it. The State to the contrary contends that she proceeded six to eight feet past the check-out counter when she was stopped by the store's security officer who had witnessed her conduct.

Miles contends that there was insufficient evidence to sustain her conviction and that the State failed to introduce the stolen article into evidence.

ISSUE—May this court decide an appeal on the merits where the only errors alleged in the Motion to Correct Errors are based on the insufficiency of the evidence and there is no transcript of the evidence included in the record or an approved statement of the evidence pursuant to Rule AP. 7.2(A)(3)(c)?

DECISION—As the only errors presented in this appeal claim insufficiency of the evidence to support the conviction and no transcript of the evidence is included in the record, we must affirm the conviction.

Our desire to decide this case on the merits is more than enfeebled by lack of a transcript of the evidence or a recognized substitute. It is totally frustrated.

Long ingrained in our appellate procedure has been the elementary principle that in order to review a conviction alleged to be based on insufficient evidence, the evidence must be brought into the record. *Calvert* v. *State* (1968), 251 Ind. 119, 239 N. E. 2d 697; *Short* v. *State* (1954), 234 Ind. 17, 122 N. E. 2d 82; *Messersmith* v. *State* (1940), 217 Ind. 132, 26 N. E. 2d 908; *Switzer* v. *State* (1937), 11 Ind. 690, 8 N. E. 2d 80; *Smith* v. *State*

(1934), 206 Ind. 669, 188 N. E. 774; *Pierson* v. *State* (1921), 191 Ind. 206, 131 N. E. 397. In *Short* v. *State, supra,* our Supreme Court said:

> "Since neither the evidence nor the instructions are in the record *no question is presented concerning* the court's instructions, the ruling on the motion for a directed verdict, *the sufficiency of the evidence to sustain the verdict,* nor that the verdict is contrary to law." (Emphasis supplied.)

Similarly, in *Messersmith* v. *State, supra,* in attempting to review a conviction in which the defendant failed to include in the record all of the evidence adduced at trial, our Supreme Court said:

> "* * * Since the entire evidence is not brought into the record, no question is presented."

See also *Smith* v. *State, supra,* in which the defendant failed to file his transcript of the evidence within the allotted time period, causing our Supreme Court to hold that:

> "* * * The bill of exceptions containing the evidence has not been made a part of the record on appeal and since the only questions presented for our consideration are that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, the judgment must be affirmed."

Consequently, it is the duty of the appellant to present a sufficient record to allow this court to make an intelligent decision of the issues presented. *Johnson* v. *State* (1972), 257 Ind. 389, 275 N. E. 2d 14; *Burns* v. *State* (1970), 255 Ind. 1, 260 N. E. 2d 559; *Calvert* v. *State, supra.*

The proper procedure to present the evidence to the reviewing court when a transcript is unavailable is to proceed pursuant to Rule AP. 7.2(A) (3) (c)[1] and obtain an approved

---

1. Rule AP. 7.2(A) (3) (c) provides:

(c) Statement of the Evidence or Proceedings when no Report was made or when the Transcript is Unavailable. If no report of all or part of the evidence or proceedings at the hearing or trial was or is being made, or if a transcript is unavailable, a party may prepare

statement of the evidence. *Quinn* v. *State* (1972), 258 Ind. 399, 281 N. E. 2d 478. This was not done.

As we only have before us conflicting versions of counsel as to the evidence at the trial, we must reaffirm the requirement of the foregoing cases that a transcript of the evidence or an approved statement pursuant to Rule AP. 7.2(A)(3)(c), be included in the record if a question is to be presented on review as to the sufficiency of the evidence to sustain a conviction. Otherwise, we become mere gazers into a crystal ball.

The conviction is therefore affirmed.

White, P.J., and Sullivan, J., concur.

NOTE.—Reported in 284 N. E. 2d 551.

---

a statement of the evidence or proceedings from the best available means, including his recollection. If submitted contemporaneously with the matter complained of, the statement may be settled and approved by the trial court. If submitted thereafter, the statement shall be served on other parties who may serve objections or prepare amendments thereto within ten (10) days after service. The statement and any objections or prepared amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall become a part of the record and be included by the clerk of the trial court in the record.

If statements or conduct of the trial judge are in controversy, the statement shall be supported by sworn affidavit which shall be submitted to the trial judge for his certification. If he refuses to certify the statement he shall file opposing affidavits. All such affidavits shall be included in the record by the clerk of the trial court.