JAMES E. MCWHIRT, JR. *v.* GENE FEARNOW.

[No. 2-872A42. Filed October 9, 1973. Rehearing denied November 14, 1973. Transfer denied February 27, 1974.]

*R. D. Reading,* of Wabash, for appellant.

*Albert J. Schlitt, Brown Daggett & Schlitt,* of North Manchester, for appellee.

WHITE, J.—This is an appeal from a judgment sentencing appellant (McWhirt) to the Indiana State Farm for ninety days for contempt of court. We affirm.

The sentence was imposed during the course of proceedings before the court without a jury in a civil case in which the named appellee (Fearnow) had sued McWhirt for a money judgment as the result of a business transaction. On October 29, 1971, the trial court made a record (under the cause number and caption of the civil action) showing it had heard the plantiff's evidence, the defendant's evidence, and plaintiff's rebuttal evidence, and the parties had rested. The entry concluded:

> "Matter is continued to obtain a check which Defendant says was given to Plaintiff and which Plaintiff says he never saw.'

When the matter again came before the trial court on February 25, 1972, the following record was made (again under the cause number and caption of the civil action) :

> "By stipulation it is shown that the check in question was issued to the Defendant, and was never given to the Plaintiff. The Court now charges that the Defendant wilfully committed perjury in this cause in stating that the check above mentioned was given to Plaintiff and that Plaintiff cashed it. Defendant is ordered to show cause why he should not be punished for contempt of Court; Argument is heard. The Court finds the Defendant is guilty of Contempt of Court; He is sentenced to Indiana State Farm for a period of 90 days.
>
> "Request for appeal bond is requested. Bond is set at $1,000.00."

(The remainder of the entry on that date relates wholly to the civil case.)

On April 25, 1972, McWhirt filed a motion to correct errors

under the cause number and caption of the civil case asserting that he had been denied a fair trial in that although he had made statements "in explanation, extenuation, and/or denial" of the contempt charge "the Court's record fails to follow the Statute in that nothing of the defendant's statements were ordered reduced to writing by the Court, nor appear in the Court's record as required by the statute."[1]

The statute, Ind. Ann. Stat. § 3-907 (Burns 1968 Repl.), IC 1971, 34-4-7-7, reads:

"When any person shall be arraigned for a direct contempt, in any court of record of this state, no affidavit, charge in writing, or complaint shall be required to be filed against him; but the court shall distinctly state the act, words, signs or gestures, or other conduct of the defendant which is alleged to constitute such contempt; and such statement shall be reduced to writing either by the judge making it, or by some reporter authorized by him to take it down when made; and the same shall be substantially set forth in the order of the court on the same, together with any statement made in explanation, extenuation, or denial thereof, which the defendant may make in response thereto; and the court shall thereupon pronounce judgment, either acquitting and discharging the defendant, or inflicting such punishment upon him as may be consistent with the provisions of this act; and, if found guilty, the defendant shall have the right to except to the opinion and judgment of the court; and in all cases where the defendant may be adjudged to pay a fine of fifty dollars [$50.00], or more, or to be imprisoned for such contempt, he shall have the right, either before or after the payment of such fine, or undergoing such imprisonment, to move the court to reconsider its opinion and judgment of the case, upon the facts before it, or upon the affidavits of any, or all persons who are actually present and heard, or saw the conduct alleged to have constituted such contempt; and, if the defendant shall fail to present the affidavit of every person present, in support of his motion, the court may direct the affidavits of all such persons as were so present, (whose affidavits the defendant may have failed to procure,) to be procured; and upon all such affidavits and the original statements of the

---

1. An additional error is asserted in the motion but is not argued on appeal.

court, and himself, touching such contempt, the defendant may move the court for a new trial, and recision of its judgment against him; and, if the court shall thereupon overrule such motion, the defendant may except and file a bill of exceptions, as in other criminal actions; and in all cases an appeal shall lie thereupon to the Supreme Court; or in case such judgments shall have been rendered in any special term of any superior court, an appeal shall lie in the first instance to the general term thereof, and thence, as in other cases, to the Supreme Court."

No transcript of the proceedings, bill of exceptions, or agreed statement of what transpired at the contempt proceedings is in the record. McWhirt has made an effort to fill that void by inserting in his appellant's brief, on page two thereof, his own affidavit in which he says merely:

"A. That he is the defendant in Wabash Circuit Court Cause Number C-71-179, and the Appellant in Court of Appeals Number 2-872A-42.

"B. That in the matter of the contempt charged against him in C-71-179, he made statements in Explanation, extenuation and/or denial of the charge so made during the trial for said contempt."

Thus we have no record that any statement was made to the court by McWhirt and absent any proper attack on the record the often stated rule that court's record implies absolute verity prevails. *Whisler* v. *Whisler* (1904), 162 Ind. 136, 141, 67 N.E. 984, 70 N.E. 152; *Browne* v. *Blood* (1964), 245 Ind. 447, 454, 199 N.E.2d 712; *Harding* v. *Brown* (1969), 144 Ind. App. 528, 531, 247 N.E.2d 536. As was said in *Whisler, supra,* and repeated in *Browne, supra,* "statements of parties or their counsel, whether verified or unverified, are not available . . . to supply any matter not therein disclosed."

On the record before us we are unable to say that McWhirt made any statement of any kind when the court charged him with contempt, much less that he made a statement in explanation, extenuation, or denial. Consequently we are unable to say that the trial court failed to include such a statement in the order. Therefore, without regard to whether such a

failure, if it were shown, would constitute reversible error, we can say, and we do hold, that appellant McWhirt has failed to make even a *prima facie* case of reversible error.

McWhirt's contention that the clause, "Argument is heard", in the record of the contempt proceedings "indicates that McWhirt presented statements in explanation, extenuation or denial" is wholly unconvincing. An argument perhaps may be a statement in explanation, extenuation, or denial but seldom is that. Furthermore, the record is silent as to who made the argument.

And finally, there is not the faintest suggestion in the motion to correct errors, in McWhirt's affidavit, in his briefs, or elsewhere that anything McWhirt may have said to the trial court should have entitled him to any better treatment than he got from the court. In other words, no attempt is made to show that McWhirt was harmed by the court's failure (if he did fail) to include McWhirt's statement in the order.

Many other questions may occur to readers of this opinion as they have to us. Since none of those questions have been made issues before us our decision implies nothing by way of answer thereto.

Judgment affirmed.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported at 301 N.E.2d 810.