STEVEN DUNBAR *v.* STATE OF INDIANA.

[No. 2-174A22. Filed May 21, 1974. Rehearing denied July 3, 1974. Transfer denied January 22, 1975.]

*Charles S. Gleason, Gleason, Woods & Johnson,* of Indianapolis, *Herbert W. Johnson, White, Johnson & LeMay,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Jon L. Williams,* Assistant Attorney General, for appellee.

PER CURIAM—This cause is pending before the Court on the appellee's Motion to Dismiss Appeal, which alleges as cause therefor that the record herein is defective in that it does not contain a transcript of the proceedings at trial, nor a statement of the evidence or proceedings when the transcript is unavailable, as provided for by Rule AP. 7.2(A)(3)(c), nor a statement of the case as provided for by Rule AP. 7.3. We have examined the record of the proceedings in this cause and find that appellee's allegations are true. At the outset, we note that these deficiencies do not deprive this Court of jurisdiction and are not therefore cause for dismissal. These defects in the record are, however, cause for affirmance. Therefore, the Court, *sua sponte,* will treat appellee's motion to dismiss as a motion to affirm.

The defendant-appellant was convicted in the Municipal Court of Marion County, Room No. 9, of disorderly conduct and fleeing from a police officer. Upon his conviction, defendant was sentenced to confinement in the Marion County jail for 30 days and fined the sum of fifty dollars on each of the two charges. The appellant appealed his conviction to the Criminal Court of Marion County, Division One,[1] wherein

---

1. The appeal from the Municipal Court of Marion County to the Criminal Court of Marion County was taken pursuant to Ind. Ann. Stat. § 4-5811, Burns 1969-1970 Supplement, which, at that time, read as follows:

"In all criminal cases an appeal in the nature of a review may be taken to the criminal court of the county in which such municipal court is located. For the purpose of facilitating and expediting the trial of causes on the summary and criminal dockets of the municipal court and appeals therefrom, each judge of the municipal court shall arrange and provide for the taking down and recording by mechanical devices of any and all oral evidence and testimony given in all causes and hearings, including both questions and answers, and all rulings

the conviction of fleeing from a police officer was reversed and the conviction on the count of disorderly conduct was affirmed. This appeal is from the judgment of the Criminal Court of Marion County and was first filed in the Supreme Court of Indiana, which at that time had exclusive jurisdiction of criminal appeals. Thereafter, pursuant to its amendment of Rule AP. 4, the Supreme Court ordered this case transferred

of the judge in respect to the admission and rejection of evidence and objections thereto and the recording of any other oral matters occurring during the hearing in all proceedings on the summary and criminal dockets of the court.

"The mechanical device or devices shall be selected by the presiding judge of the municipal court, and shall be a device or devices which make a permanent, non-erasable record of oral proceedings. The arrangement of such devices in each court room shall be directed by the presiding judge and shall be placed under the supervision and operation of the person as may be designated by the presiding judge.

"In any cause in which an appeal has been taken to another court in the county, the person designated by the presiding judge of the municipal court to supervise the operation of the mechanical device shall certify that the record made is the record in the proceedings, and such record itself shall be heard by the court to which said cause is appealed. Said review shall be taken upon the records of the trial in the municipal court and shall be in the nature of a review instead of a trial de novo. The tape or record of the evidence and of the entire proceedings, plus the papers, shall be forwarded to criminal court and shall be the vehicle of review. Newly discovered evidence may also be introduced by either the state or defendant. Witnesses who were heard in the original trial in municipal court, with the right of cross-examination, shall not be required to attend said review. Such review shall be requested in the trial court within ten days of final judgment and shall be based upon written motion alleging one or all of the following reasons: (1) Denial of specific constitutional right. (2) Total failure of evidence upon any material issue as charged. (3) Substantial irregularity of legal procedure or law, as specified. The municipal court shall fix the amount of the bond and shall approve the same and where cash or properly certified checks or drafts for full amount of such bond is deposited with said court, the same shall be accepted in lieu thereof. Appeals from judgments for violations of ordinances of cities or towns or other municipalities shall be taken only to the criminal court: Provided, That this section shall not take effect until January 1, 1970, and shall not affect appeals perfected before said date: Provided, further, That when a case is tried in the criminal division of said municipal court by a jury, and an appeal to criminal court is taken from the judgment, the trial of said case in the criminal court shall not be a trial de novo. Review shall be as provided above in criminal cases."

This statute was subsequently amended by 1971 P.L. 433, § 5. Subsequent to the 1971 amendment, appeals from the Municipal Courts to the Criminal Courts and appeals to this Court from the Criminal Courts' appellate judgments will be governed by procedure different from that of this case.

to the Court of Appeals, since by reason of the sentence imposed, this case did not come within the class of cases in which the Supreme Court retained original appellate jurisdiction.[2]

The errors which appellant attempts to raise on appeal are the following:

1. The Trial Court's decision was reversible error in that Defendant should have been advised of his right to counsel at trial.

2. The decision of the Court was contrary to law in that Defendant was prejudiced at trial by not being advised of his right to counsel.

3. The Trial Court erred in that the State failed to prove all the elements of the crime charged against Defendant by credible material evidence of probative value.

None of these errors is supported by the record filed by the appellant. The record does not contain the evidence nor any of the proceedings at trial in the Municipal Court. Therefore, there is nothing in the record from which we can determine whether the appellant was, or was not, advised of his right to counsel at trial. There is nothing in the record from which we can determine whether the State did, or did not, prove all of the elements of the crime charged against the defendant by credible material evidence of probative value.

All appeals are tried on the record. The cases are legion which hold that the burden is on the party seeking reversal

---

2. Rule AP. 4(A)(7) amended 8/9/71, effective 1/1/72, provides as follows:

"(A) Appeals from Final Judgments. Appeals may be taken by either party from all final judgments of Circuit, Superior, Probate, Criminal, Juvenile, and where provided by statute for Municipal Courts. A ruling or order by the trial court granting or denying a motion to correct errors shall be deemed a final judgment, and an appeal may be taken therefrom. The Supreme Court shall have exclusive jurisdiction of:

\* \* \*

"(7) Appeals in criminal cases from judgments (sentences) imposing a sentence of death, life imprisonment or a minimum sentence of greater than ten [10] years. If the appeal is from the denial of post-conviction relief, jurisdiction shall be determined by reference to the sentence originally imposed;"

of the judgment to present a record showing error in the trial court. Unless the record is sufficient to make manifest an error, the judgment must be affirmed.[3]

The record in this cause contains what is denominated an "Affidavit In Lieu of Transcript of the Evidence", executed by John J. Rochford, Judge of the Municipal Court of Marion County, Room 9, before whom the case was tried. This affidavit states that the official tape recording has been destroyed, the official reporter who recorded the evidence is unavailable, there can be no certification of a complete and typewritten transcript of said proceedings, and that the evidence that was offered and introduced in hearing in this cause is not, and will not be available. This affidavit is not, of course, the type of document contemplated by Rule AP. 7.2(A)(3)(c), in that it does not contain any recitation of the evidence, proceedings or rulings which took place prior to, or at the time of trial. There is nothing in this document from which we can determine whether the trial court did, or did not, commit error.

In such a situation as this, the appealing party is not left without a remedy. By its Rules AP. 7.2(A)(3)(c) and 7.3, the Supreme Court has provided a procedure whereby in those instances in which a transcript of the evidence is unavailable, or when an appeal can be determined without a consideration of all of the pleadings, evidence and proceedings below, the parties may fabricate a transcript of the evidence or a statement of the case, have

---

3. A mere sampling of those cases includes the following: *State* v. *Maplewood Heights Corporation* (1973), 261 Ind. 305, 302 N.E.2d 782; *Stephens* v. *State* (1973), 260 Ind. 326, 295 N.E.2d 622; *Chustak* v. *Northern Ind. Pub. Ser. Co.* (1972), 259 Ind. 390, 288 N.E.2d 149; *Cooper* v. *State* (1972), 259 Ind. 107, 284 N.E.2d 799; *Fortune* v. *State* (1937), 212 Ind. 325, 9 N.E.2d 81; *Campbell* v. *State* (1897), 148 Ind. 527, 47 N.E. 221; *Yuhaz* v. *Mohr* (1974), 159 Ind. App. 478, 307 N.E.2d 516; *Indiana State Bd. Tax Commrs.* v. *Pappas* (1973), 158 Ind. App. 327, 302 N.E.2d 858; *LeMaster* v. *City of Ft. Wayne* (1973), 156 Ind. App. 564, 297 N.E.2d 887; *Anthrop* v. *Tippecanoe School Corporation* (1973), 156 Ind. App. 167, 295 N.E.2d 637; *Stypczynski* v. *Kaiser Jeep Corp.* (1973), 156 Ind. App. 78, 294 N.E.2d 830; *Harrison* v. *State* (1972), 155 Ind. App. 231, 292 N.E.2d 612.

the same approved and settled by the trial judge, filed by the trial court clerk and certified to the Court on appeal as the record on appeal.

Rule AP. 7.2(A) (3) (c) reads as follows:

"(c) *Statement of the Evidence or Proceedings when no Report was made or when the Transcript is Unavailable.* If no report of all or part of the evidence or proceedings at the hearing or trial was or is being made, or if a transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including his recollection. If submitted contemporaneously with the matter complained of, the statement may be settled and approved by the trial court. If submitted thereafter, the statement shall be served on other parties who may serve objections or prepare amendments thereto within ten (10) days after service. The statement and any objections or prepared amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall become a part of the record and be included by the clerk of the trial court in the record.

"If statements or conduct of the trial judge are in controversy, the statement shall be supported by sworn affidavit which shall be submitted to the trial judge for his certification. If he refuses to certify the statement he shall file opposing affidavits. All such affidavits shall be included in the record by the clerk of the trial court."

By adopting this rule the Supreme Court modified the former practice wherein in those cases in which no transcript of the evidence was available, and the parties and the judge could not agree on a statement of the evidence, a new trial was granted.[4]

The case of *Quinn* v. *State* (1972), 258 Ind. 399, 281 N.E.2d 478, was an appeal to the Supreme Court of Indiana from a judgment of the Criminal Court of Marion County in an action which was an appeal from the Municipal Court of Marion County. In *Quinn* the majority opinion recites that the record of the proceedings did not contain either the disc recordings in the Municipal Court, nor a transcript thereof,

---

4. Bobbitt, Indiana Appellate Practice and Procedure, Vol. 1, ch. 49, § 5, p. 439.

nor a statement of the evidence pursuant to Rule AP. 7.2 (A) (3) (c). However, the Supreme Court was able to decide that case without the evidence. The first issue was the question of whether the acts of the defendants constituted a violation of Burns Ind. Ann. Stat. § 10-4534. The Supreme Court accepted as the facts the statement of facts contained in the appellants' briefs and decided the issue adversely to the appellants. The last three issues raised for decision were questions of law concerning the constitutionality of Ind. Ann. Stat. Burns § 4-5811 (1969-1970 Supp.), not questions of fact, and therefore did not require a consideration of the evidence for their determination. The Court held, *inter alia,* that it was unable to find § 4-5811 unconstitutional because it does not mandatorily provide a method for furnishing a transcript. The Court set out the text of Rule AP. 7.2 (A) (3) (c) and observed the appellants did not avail themselves of the opportunities there presented to obtain a statement of fact or a transcript.

Unlike *Quinn,* the case now before us requires a consideration of the evidence, in whatever form it might take, in order to decide the alleged errors appellant urges on appeal. Like *Quinn,* the appellant has failed to avail himself of the opportunities presented by Rule AP. 7.2 (A) (3) (c). At page three of the appellant's brief herein appears the following statement:

> "The transcribed record of this hearing is no longer available (see Affidavit in Lieu of Transcript, p. 51). Defendant has prepared and signed a sworn affidavit stating his recollections of that hearing. (H. I.)"

We have searched the record of the proceedings in this case and we do not find any such sworn affidavit of the defendant's recollection. We further do not find any order book entry evidencing that such a statement was ever submitted to the trial judge, approved, settled and ordered by him to be filed, or that such a statement was ever filed with the trial court clerk and certified as a part of the record in this case.

This Court cannot consider any matters outside the record in its determination of an appeal. While appellant claims he has made a sworn statement of his recollections, no such statement appears in the record and we cannot consider it.[5] In the case of *McWhirt* v. *Fearnow* (1973), 158 Ind. App. 68, 301 N.E.2d 810, the appellant attempted to supply a void in the record by inserting an affidavit in his brief. This Court stated:

> "No transcript of the proceedings, bill of exceptions or agreed statement of what transpired at the contempt proceedings is in the record. McWhirt has made an effort to fill that void by inserting in his appellant's brief, on page two thereof, his own affidavit in which he says merely:
>
> 'A. That he is the defendant in Wabash Circuit Court Cause Number C-71-179, and the Appellant in Court of Appeals Number 2-872A-42.
>
> 'B. That in the matter of the contempt charged against him in C-71-179, he made statements in Explanation, extenuation and/or denial of the charge so made during the trial for said contempt.'
>
> "Thus we have no record that any statement was made to the court by McWhirt and absent any proper attack on the record the often stated rule that court's record implies absolute verity prevails. Whisler v. Whisler (1904), 162 Ind. 136, 141, 67 N.E. 984, 70 N.E. 152, 153; Browne v. Blood (1964), 245 Ind. 447, 454, 196 N.E.2d 745, 199 N.E.2d 712; Harding v. Brown (1969), 144 Ind. App. 528, 531, 247 N.E.2d 536. As was said in *Whisler, supra,* and repeated in *Brown, supra,* 'statements of parties or their counsel, whether verified or unverified, are not available . . . to supply any matter not therein disclosed.' "

Thus, in this case, we cannot consider any matter in determining the issues that is not properly contained in the record of the proceedings.

This Court has previously had occasion to recognize Rule AP. 7.2(A)(3)(c) and its employment in preparing a transcript of the evidence when one is not otherwise available.

5. *Burrus* v. *Silhavy* (1973), 155 Ind. App. 558, 293 N.E.2d 794; *McWhirt* v. *Fearnow* (1973), 158 Ind. App. 68, 301 N.E.2d 810; *Norling* v. *Bailey* (1951), 121 Ind. App. 457, 98 N.E.2d 513; *Connor* v. *Jones* (1945), 115 Ind. App. 660, 685, 59 N.E.2d 577, 60 N.E.2d 534.

In the case of *Registration & Management Corp.* v. *City of Hammond* (1972), 151 Ind. App. 471, 280 N.E.2d 327, the appellants did not include in their record on appeal the evidence submitted in the trial court, but rather relied solely on the pleadings, motions and judgment to demonstrate error. In remarking upon the lack of evidence before it on appeal, the Court stated:

> "But in this case a transcript of the evidence was never prepared or is at least unavailable and Appellants failed to avail themselves of Appellate Rule 7.2(A)(3)(c) by preparing a statement of the evidence from the best available means, including their own recollections and having said statement submitted to the trial court for settlement and approval. Having failed to take advantage of this procedure and further having specifically limited themselves in the scope of their appeal, Appellants may be deemed to have waived any specifications of error which depend upon the evidence. In this regard the appeal may be treated as one where a party failed to file a bill of exceptions under the old rules.

> "In Wiltrout, Indiana Practice, Vol. 3, § 2276, p. 109, in regard to the effect of the absence of the evidence before a court it is stated:

>> 'A bill of exceptions containing the evidence is required in most appeals. Where there is no bill of exceptions containing the evidence, or the bill is not properly made a part of the record, questions depending upon the evidence cannot be considered. Thus, where the sole assigned error is the overruling of a motion for new trial, and all the grounds of the motion depend upon the evidence, which is not in the record, the judgment below will be affirmed.' "

The case of *Miles* v. *State* (1972), 152 Ind. App. 566, 284 N.E.2d 551, like the case now before us, was an appeal from a judgment of the Criminal Court of Marion County, which in turn was an appeal from the Municipal Court of Marion County. In *Miles* as in this case, the record did not contain a transcript of the evidence heard at the trial in the Municipal Court, nor the disc recordings of that proceeding. In *Miles* the appellant complained that there was insufficient

evidence to sustain her conviction. In affirming the judgment, this Court stated:

"Long ingrained in our appellate procedure has been the elementary principle that in order to review a conviction alleged to be based on insufficient evidence, the evidence must be brought into the record. Calvert v. State (1968), 251 Ind. 119, 239 N.E.2d 697; Short v. State (1954), 234 Ind. 17, 122 N.E.2d 82; Messersmith v. State (1940), 217 Ind. 132, 26 N.E.2d 908; Switzer v. State (1937), 211 Ind. 690, 8 N.E.2d 80; Smith v. State (1934), 206 Ind. 669, 188 N.E. 774; Pierson v. State (1921), 191 Ind. 206, 131 N.E. 397. In Short v. State, *supra,* our Supreme Court said:

'Since neither the evidence nor the instructions are in the record *no question is presented concerning* the court's instructions, the ruling on the motion for a directed verdict, *the sufficiency of the evidence to sustain the verdict,* nor that the verdict is contrary to law.' (Emphasis supplied.)

\* \* \*

"Consequently, it is the duty of the appellant to present a sufficient record to allow this court to make an intelligent decision of the issues presented. Johnson v. State (1972), [258 Ind. 648], 283 N.E.2d 532; Burns v. State (1970), [255 Ind. 1], 260 N.E.2d 559; Calvert v. State, *supra.*

"The proper procedure to present the evidence to the reviewing court when a transcript is unavailable is to proceed pursuant to Rule AP. 7.2(A)(3)(c)[1] and obtain an approved statement of the evidence. Quinn v. State (1972), [258 Ind. 399], 281 N.E.2d 478. This was not done.

"As we only have before us conflicting versions of counsel as to the evidence at the trial, we must reaffirm the requirement of the foregoing cases that a transcript of the evidence, or an approved statement pursuant to Rule AP. 7.2(A)(3)(c), be included in the record if a question is to be presented on review as to the sufficiency of the evidence to sustain a conviction."

In the case of *Glenn* v. *State* (1972), 154 Ind. App. 474, 290 N.E.2d 103, Glenn contended he had made an oral request for a speedy trial. There was nothing in the record to show he had made such a request. Glenn conceded no such request was in the record, but contended the recording equipment must not have picked up his request, and that we must pre-

sume the request to have been made and set him free. In rejecting those contentions this Court stated:

> "It has long been the rule that it is the affirmative duty of the appellant to make a proper record and to bring a proper record before this court. Marcum v. State (1958), 239 Ind. 179, 154 N.E.2d 376. On review, we cannot consider any matter not contained in the record. Hansbrough v. State (1950), 228 Ind. 688, 94 N.E.2d 534. See also 10A Ind. Digest Criminal Law, Key No. 1128, p. 310. If Glenn felt that the record did not adequately disclose what transpired at the hearing on October 22, 1971, he had an adequate remedy in AP. 7.2(A)(3)(c) which states:

> \* \* \*

> "The only request for a speedy trial that does appear in the record is a letter dated December 8, 1971. Since the trial commenced within 50 days of this date, the trial court did not commit error by refusing to discharge the defendant."

Rule AP. 7.3[6] provides yet another procedure for preparing a record for appeal. Appellant did not avail himself of this procedure.

The issues sought to be raised on this appeal require a consideration of the evidence and the proceedings at trial for their determination. As has heretofore been pointed out, the record as filed by the appellant herein totally fails to support his claimed errors. It does not contain a transcript of the evidence and proceedings at trial in the usual form. Neither does it contain a fabricated transcript of the evidence and

---

6. Rule AP. 7.3 reads as follows:

"RECORD ON AGREED STATEMENT

"When the questions presented by an appeal to a court on appeal can be determined without an examination of all the pleadings, evidence, and proceedings in the court below, the parties may prepare and sign a statement of the case showing how the questions arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the questions by the court on appeal. The statement shall include a copy or summary of as much of the judgment appealed from as is relevant, a copy of the notice of appeal with its filing date, and a statement of the issues to be relied on by the appellant. If the statement conforms to the truth, it, together with such additions as the court may consider necessary fully to present the questions raised by the appeal, shall be approved by the trial court and shall then be certified to the court on appeal as the record on appeal."

proceedings as provided for by rules AP. 7.2 (A) (3) (c) and AP. 7.3. Because the record is silent on the issues appellant urges as error, appellant has not presented any question for this Court to decide and therefore the judgment of the trial court should be affirmed.

Judgment affirmed.

NOTE.—Reported at 311 N.E.2d 447.